MICHAEL F. DRISCOLL *vs.* QUARTUS J. SMITH.

Hampden.    September 22, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice.    Equity Jurisdiction.    Way.*

An objection to a bill in equity, that the plaintiff has a plain and adequate remedy at law, is waived by proceeding without objection in a hearing on the merits before a master.

A continuing interference with the plaintiff's right of passage over a private road entitles him to equitable relief, although he could maintain an action at law for the past trespasses.

Where a grantor conveys land describing it as bounding on a certain street, which is a private road over land of the grantor, the grantee, in a suit in equity against his grantor to enjoin an obstruction of the road, may show that the street named in the deed extended to a certain highway at the time of the conveyance, by evidence of the existence and use of the road, of its being commonly known as the street named, and of acts and declarations of the defendant.

In a suit in equity, by a grantee of land described in his deed as bounding on a certain street, against his grantor, to enjoin the obstruction of a private road over land of the defendant, it appeared, that at the time of the conveyance the defendant had given to the private road the name of the street mentioned in the deed, that the road then led to a certain highway, that the defendant represented to the plaintiff and other persons that it was his intention to make this road a main thoroughfare leading to the highway, and that the defendant did work upon the road in fitting it for travel. *Held*, that this evidence, together with other evidence as to the extent to which the road was used, warranted a finding and ruling, that the defendant was estopped to deny that the street named in the deed extended to the highway.

BILL IN EQUITY, filed June 21, 1900, to restrain the defendant from maintaining a barrier across a road alleged to be a part of Smith Street, a private way leading from the plaintiff's land in Chicopee, conveyed to him by the defendant, to Prospect Street, a highway in that city.

In the Superior Court the case was heard by *Hardy*, J., who made a decree dismissing the bill. The plaintiff appealed. The defendant also appealed.

*A. L. Green*, (*F. F. Bennett* with him,) for the plaintiff.

*W. Hamilton*, (*W. H. Brooks* with him,) for the defendant.

MORTON, J. The plaintiff is the owner of a lot of land in Chicopee conveyed to him by the defendant. The deed bounds the land in part "on the northerly line of Smith Street." The bill alleges amongst other things that the defendant is the owner of the land on which Smith Street extends, and that he has built a fence across the same and forbidden the plaintiff to travel on the same and has done other things inconsistent with the plaintiff's use of the street; and it prays that the defendant may be compelled to remove the fence and may be restrained from any and all acts inconsistent with the use of the street by the plaintiff. The defendant filed an answer which set up amongst other defences that the plaintiff had a plain and adequate remedy at law and had not stated a case which entitled him to relief in equity. These grounds of objection were in the nature of a demurrer. The plaintiff joined issue and the case was sent to a master to hear the parties and report the facts and the evidence to the court. The master, without any objection, so far as appears, on the defendant's part, heard the parties and took a view and made a report of his findings with the evidence. The defendant filed exceptions in regard to matters of evidence before the master and in regard to certain findings by the master. The judge overruled all of the defendant's exceptions to the admission of evidence and all the exceptions to the master's report except one, the fifth, relating to a finding by the master that the defendant was "estopped to deny the existence of Smith Street from the plaintiff's lot in a straight line to the old cider mill and thence out to Prospect Street" which it sustained, and "upon all the facts set forth in the master's report and in accordance with the decision of *Washburn* v. *Miller*, 117 Mass. 376," ruled that upon the defences set up in the eighth and ninth sections of the answer (the objections in the nature of a demurrer) the defendant was entitled to a decree and ordered the bill to be dismissed with costs. Both parties appealed, but the defendant has not pressed his appeal, and we regard it as waived. Lest however we may

have misconceived the defendant's position in regard to his appeal, we add that we discover no error in the overruling of the defendant's exceptions. But we think that the judge erred in ruling that the defendant was entitled to avail himself of the objection to the maintenance of the bill set up in the eighth and ninth sections of the answer, and in sustaining the fifth exception to the master's report, and in dismissing the bill.

By proceeding without objection in a hearing on the merits before the master, the defendant must be taken to have waived the allegations in his answer that the plaintiff had a plain and adequate remedy at law, and that the bill did not state a case that entitled him to relief in equity. *Parker* v. *Nickerson*, 137 Mass. 487.

Moreover, we think that the remedy at law is not adequate and that the bill states a case for relief. The case is one of continuing interference with the plaintiff's right of passage over Smith Street, and not as in *Washburn* v. *Miller*, 117 Mass. 376, a case of past trespasses and therefore presents a case for equitable relief. *Cobb* v. *Massachusetts Chemical Co.* 179 Mass. 423. *Boston & Maine Railroad* v. *Sullivan*, 177 Mass. 230. It is true that the plaintiff could have brought an action at law, but the remedy would not have been as practical and efficient as in equity and therefore not adequate. *Nathan* v. *Nathan*, 166 Mass. 294.

The defendant does not contend and could not successfully contend that he is not estopped by the boundary in the deed to deny that there was a street called Smith Street over which the plaintiff had a right of passage. The only question would seem to be, therefore, how far Smith Street extended at the date of the plaintiff's deed. This was a question of fact to be determined like any other question of fact by competent evidence.

Such evidence is not confined to plans with lines upon them indicating the street and its connections, nor to showing the limits of the street by fences or other similar structures. The extent of the street may be shown as in the present case by use, by what was commonly known and called Smith Street and by the acts and declarations in regard to it of the owner of the land over which it is contended that it passes. The defendant con-

tended that the way extended only to the brow of the hill. But the master has found that when the plaintiff took his deed Smith Street extended to Prospect Street along the line contended for by the plaintiff. He has also found that this was what was commonly known as Smith Street, and that while it did not appear on any recorded plan or on any plan it did appear on the surface of the ground and was the only street or road to which that name could apply, and there was nothing to indicate where any portion of it that might be distinctively called Smith Street should end and the rest considered merely as a farm road except that the street was worked to a width of forty-two feet east to the brow of the hill and only to a width of ten or twelve feet from that point to Prospect Street. The master has further found that the name of Smith Street was given to this street by the defendant, meaning, as we construe the report, to the street out to Prospect Street, and that the defendant represented to the plaintiff and other parties that it was his intention to make this street a main thoroughfare leading out to Prospect Street, and that he did work upon the street in fitting it for travel. These and other findings by the master as to the extent to which the street was used were well warranted by the evidence, and we think that the master was right in finding and ruling as he did that the defendant was estopped to deny that Smith Street extended from the plaintiff's lot to Prospect Street.

The result is that we think that the decree dismissing the bill should be reversed and a decree entered for the plaintiff with costs.

*So ordered.*