IDA K. BILLINGS, EXECUTRIX, ET AL. *vs.* KENNETH M. McKENZIE.

Second Judicial District, Norwich, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The plaintiffs sued as executors and laid in evidence the full record of the Court of Probate, from which it appeared that they had been duly appointed and had accepted and qualified. It did not appear from the record that the estate had been settled, nor that the executors had ever resigned their trust or been removed. *Held* that this was prima facie proof that the plaintiffs were still executors.

As such executors they alleged in their complaint that the estate was still in settlement. *Held* that the presumption that the probate records disclosed all that had occurred respecting the settlement of

the estate would, in the absence of evidence to the contrary, justify the court in treating this allegation as an undisputed fact.

A grantor is bound by the recitals of his deed; and therefore a recital in a warranty deed, to the effect that the land conveyed was bounded on one side by a street, estops the grantor and those claiming under him from subsequently asserting the contrary and from questioning the grantee's right to use the land embraced in said street as a passway.

In the present case the deed conveyed a lot lying north of a pond and described the southeast corner as being thirty-five feet north of the pond, the southwest corner as being on a street, and the street as on the north shore of the pond. *Held* that this sufficiently indicated that the street extended along the north shore between the pond and the land conveyed.

Upon an issue as to the abandonment of a way, the trial court is justified in refusing to charge the jury upon the question of its abandonment for the use of vehicles, no evidence upon that point having been submitted.

Where the record discloses merely that the plaintiffs have a right of way over a strip of land which is not claimed to be a highway, and that the defendant located a driven well upon it, with pump and pump-house, but nothing to indicate that the existence of such a well might not be perfectly consistent with the plaintiffs' use of the way, there is no basis either for a mandatory injunction requiring the removal of the well, pump and pump-house, or for an order restraining· the defendant from maintaining any building or other structure upon that half of the way adjoining the plaintiffs' premises. Nor can such an injunction be supported upon the theory that the plaintiffs owned to the middle of the strip of land constituting the way, since the only permissible inference from the facts disclosed by the record would be that the defendant owned the land subject only to the rights incidental to the plaintiffs' use of the way.

Argued October 21st, 1913—decided January 15th, 1914.

ACTION to recover damages for obstructing a passway, and for an injunction, brought to the Superior Court in New London County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiffs, and appeal by the defendant. *Error in part.*

*William H. Shields* and *Edmund W. Perkins,* for the appellant (defendant).

*C. Hadlai Hull,* for the appellees (plaintiffs).

THAYER, J.  The court properly refused to set aside the verdict.  The defendant's claim in support of his motion to set it aside was that the plaintiffs had offered no evidence to prove that they were the executors of the will of Philip H. Billings, that being the capacity in which they sued.  The full record of the Court of Probate for the district of Hartford, where Billings' estate was in settlement, was laid in.  It there appeared that the will was duly proved and approved by the Court of Probate, that the plaintiffs were therein named as executors, and that they accepted the trust and qualified.  Other orders bearing upon the settlement of the estate also appeared, but it did not appear that the estate was fully settled and distributed.  No evidence was offered tending to show that the estate had been settled or that the plaintiffs had resigned or been removed as executors.  This was prima facie proof that they remained executors, and was sufficient to support the verdict.

It is claimed that the court in its charge took from the jury the question whether the Billings estate was still in settlement, and error is assigned on this action of the court.  The charge undoubtedly treats the allegation that the estate of Billings was still in settlement as an uncontroverted fact, and in view of the record which was introduced, and the fact that no evidence tending to show that it had been closed was offered, it was not error for the court to treat it as still open.  It is to be presumed, in the absence of testimony to the contrary, that the probate records disclose all that has occurred respecting the settlement of the estate.

The action is brought to recover damages for obstructing a way lying south of a lot of land which was sold to Billings by one Luce.  The land lay north of a small pond known as Old Indian Pond, and was described in the deed as bounded southerly by a street

on the north shore of said pond. The uncontradicted evidence showed that the south line of the lot was distant about thirty-five feet from the north shore of the pond as it then existed. Luce, at the time of this conveyance, was the owner of this strip, which he subsequently sold to the defendant. The court, against a request to the contrary, instructed the jury that Luce (who had been vouched in to defend his warranty in the present action) and the defendant were estopped by the recital in the deed that this strip of land was a street, from now claiming that it was not so, and that by his deed Billings acquired the right to pass over it and use it for purposes of a way. A maker of a deed is bound by the recitals therein. *Stow* v. *Wyse,* 7 Conn. 214, 220; Wash. on Real Property (6th Ed.) §§ 1238, 1918; 2 Elliott on Roads & Streets (3d Ed.) § 920; *Parker* v. *Smith,* 17 Mass. 413, 415; *Driscoll* v. *Smith,* 184 Mass. 221, 223, 68 N. E. 210. The court, therefore, properly told the jury that the grantor, Luce, and his assignee, the defendant, were bound by the recitals.

It is claimed that it is not clear from the deed that the street referred to extended in front of the Billings property, where the obstruction was erected. The deed describes the southeast corner of the lot as being thirty-five feet north of the pond, the southwest corner is described as being on the street, and the street is described as on the north shore of the pond. We think that it sufficiently appears from the deed, apart from the evidence, that the street described extended along the north shore of the pond between it and the Billings land.

The court charged, as requested by the defendant, that if the way was granted it might be lost by abandonment, but refused to charge that it might be abandoned for the use of vehicles. No issue was raised as to an abandonment for the use of vehicles, and no evi-

dence was offered to prove such an abandonment. The court was justified, therefore, in refusing to complicate the question whether there had been a complete abandonment, by injecting into the case the question whether there had been a partial abandonment.

The ninth, tenth, eleventh, and twelfth reasons of appeal, so far as they have been pursued in the brief and argument, relate to the question of estoppel by the recitals in the deed. The objection to the charge in this regard has been answered in considering the refusal to charge as requested upon the same subject.

The jury found the issues for the plaintiffs, and assessed their damages at a nominal sum. The judgment entered was not only for this sum, but for a mandatory injunction to "remove from the way described in the complaint the well, pump, and pump-house located thereon," which were the obstructions complained of in the complaint, and a perpetual injunction was also issued enjoining the defendant, under a penalty, from thereafter maintaining any building or other structure, upon the way described, within sixteen feet of the plaintiffs' southerly line. It is complained that the judgment-file does not set out the facts upon which this judgment for an injunction is founded, and that the judgment for an injunction is not supported by the facts proved in the case. We think that the judgment is open to this objection. It appears from the record that the plaintiffs did not claim that there was a public highway over the strip or street in question, either at the time that the deed was given to Billings or at the time when this action was brought. Nothing appears, therefore, to justify a claim on the part of the plaintiffs that the Billings lot extends to the middle of the street. So far as appears, the defendant owns the land subject to such rights as the plaintiffs and others have over it, and may use it in any way that does not interfere with

such rights as they have. It appears that the well mentioned in the complaint and injunction is a driven well, and there is nothing in the allegations of the complaint, the finding of the jury, or the evidence, showing that the existence of such a well upon the strip may not be consistent with the plaintiffs' rights. No facts appear in the judgment-file showing that the existence of the well will interfere with the plaintiffs' rights. The injunction against future obstructions is limited to the north half of the strip, or the sixteen feet adjoining the Billings land. This would indicate an assumption that the estate of Billings owns to the middle of the way. There is nothing in the finding of the jury or any facts stated in the judgment-file giving any warrant for this assumption. The general finding of the jury, contained in the judgment-file, was not a sufficient finding of facts to warrant the sweeping injunction which was granted, or to justify the mandatory injunction requiring the removal of the well. It is possible that the estate has rights in the strip which would warrant such an injunction. We do not now pass upon that question. The mere fact that the plaintiffs, representing the estate, have a right of way over the strip, and that the defendant has obstructed it—and this is all that the jury have found—is not enough to warrant the injunction granted.

The judgment is erroneous in part, and, so far as it grants equitable relief, is reversed and set aside. As to the residue of the judgment, it is affirmed. The case is remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.