HARRIET WEAVER BUCKLEY *vs.* SILAS MAXSON, JR., ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 1st—decided December 3d, 1935.

*Thomas E. Troland* and *Robert P. Anderson,* for the appellants (defendants).

*Francis F. McGuire,* with whom was *Frank L. McGuire,* for the appellee (plaintiff).

HINMAN, J. The full facts found by the trial court are too voluminous for recital here and we relate only sufficient to afford a general idea of the situation presented, giving the appellants the benefit of such material corrections in the finding as to facts so stated as we find them entitled to. Other corrections have been given effect in our consideration of the facts as a whole. On September 16th, 1924, and for some time prior thereto Letitia C. Gardner and Diana Gardner, a minor, were owners in common of a tract of land in New London bounded easterly by Ocean Avenue. In 1923 they had a map made of this property upon which a portion thereof was divided into building lots and a strip fifty feet wide running westerly from Ocean Avenue at a point opposite Gardner Avenue, a street then existing east of Ocean Avenue, was marked "Reserved." On September 16th, 1924, Letitia Gardner individually and as guardian for Diana executed and delivered deeds conveying to the plaintiff the respective interests of each in two tracts of this land. The first tract was described as Lot No. 5 on the plan above mentioned and as beginning "at a point in the westerly line of Ocean Avenue one hundred feet northerly from the northerly line of the Proposed Extension of Gardner Avenue and thence running northerly by and along Ocean Avenue fifty feet to the other land of said Gardner; thence westerly in a line parallel with

said Extension of Gardner Avenue one hundred fifty feet to other land of said Gardner; thence southerly in a line parallel with the westerly line of Ocean Avenue fifty feet and thence easterly one hundred fifty feet to the point of beginning." The second tract was described as beginning "at a point in the northerly line of the Proposed Extension of Gardner Avenue one hundred fifty feet westerly from Ocean Avenue and thence running westerly by and along said Proposed Extension of Gardner Avenue two hundred feet;" thence by other directions and distances including "easterly in a line parallel with and one hundred thirty-seven feet northerly from said Proposed Extension of Gardner Avenue one hundred eighteen feet, more or less."

At some time after the delivery of these deeds the plaintiff conveyed the first tract to a third party who is now the owner thereof. The land immediately to the south of the second tract and referred to in the deeds as the proposed extension of Gardner Avenue was in its natural state and not in condition for travel without improvement and had not been so used. Soon after the conveyance of the second tract to the plaintiff, she built the cellar of a house thereon, and in 1927 built a garage and began the construction of the house, which was finished in the spring of 1928. The house and garage face the proposed extension of Gardner Avenue. Upon completion the plaintiff occupied the house and built a circular driveway leading from it to the proposed extension of Gardner Avenue and used it to some extent for the purposes of travel between her property and Ocean Avenue by automobile and otherwise.

In May, 1928, the Gardners conveyed to the defendants all of that part of the land then remaining owned by them lying southerly of the northerly line

of Gardner Avenue Extension. Before the defendants bought this land they were aware, from examination of the land records, that the plaintiff's second tract had been bounded on the "Proposed Extension of Gardner Avenue," and, from the 1923 Gardner map, of the location and width of the strip so referred to; also that the plaintiff had built her house facing it, and of her use of it. At the time of the conveyance the land abutting the plaintiff's property on the south was in substantially the same condition as in 1924. Soon after purchasing this land the defendants, for the purpose of preventing the plaintiff from using it, built a fence on the northerly line and placed obstructions thereon. Within a few days after the fence was built the plaintiff tore it down, and the defendants then piled stones in front of the plaintiff's driveway so that she could not use it. She later built another driveway but the defendants dug a deep hole preventing her from using it. Thereafter the defendants laid out and built an extension of Gardner Avenue but so located it that instead of running due westerly from Ocean Avenue along the southerly line of the plaintiff's property, the northerly line of it abutted thereon only about forty-four feet and then deflected to the southwest, leaving a strip of land, gradually increasing in width from a point at the easterly end to a maximum of fifty-three feet at the westerly end, between it and the plaintiff's southerly line. In constructing this road the defendants made a cut lowering the grade one to four feet. About June 16th, 1930, the defendants deeded the road to the city of New London as a public highway and it was accepted and has been used as such. The defendants filed with the city clerk a map of their property as a small lot development and showing the strip left between the street as built and the plaintiff's land as a building lot, and have threat-

ened to build upon it. After acceptance of the street by the city, the plaintiff was accustomed to drive from her land, over the strip above referred to, to that street, and the defendants dug a deep hole at the end of the plaintiff's driveway and piled stones and building material for the purpose of preventing her use of it.

The plaintiff, alleging generally in her complaint the facts above stated, brought this action claiming, as to the strip of land lying northerly of the northerly line of Gardner Avenue Extension as laid out and constructed, an injunction restraining the defendants from interfering with the plaintiff in her use of it; a judgment determining the rights of the parties therein and quieting and settling the title thereto, declaring that the plaintiff is the owner thereof or, in the alternative, that it has become and is a part of the highway known as Gardner Avenue Extension; also damages.

From the facts found from the evidence and a view of the premises the trial court concluded: (1) That the defendants are estopped to deny the existence of the street referred to in the deeds to the plaintiff as the proposed extension of Gardner Avenue; (2) that the plaintiff acquired by her deeds the right to use a roadway fifty feet wide abutting her second tract on the south for all purposes that a city street may be used for by an abutting owner; (3) that the defendants should restore it to substantially the same condition that it was in when they acquired title; (4) that the acts of the defendants have lessened the value of plaintiff's property to the extent of $1000. The judgment rendered finds that the "Proposed Extension of Gardner Avenue" referred to in the descriptions is fifty feet wide, runs from Ocean Avenue in front of the plaintiff's lot and bounds thereon; that all of the strip lying within fifty feet southerly from the south line of plaintiff's lot is part of said proposed extension,

and the plaintiff has the right to use it for the purpose of traveling between her property and Gardner Avenue Extension as actually laid out and accepted, and between her property and Ocean Avenue, and for all the purposes that a city street may be used for by the abutting owner; and it adjudges (a) that the defendants "forthwith restore said Proposed Extension of Gardner Avenue to the condition it was in on May 21, 1928, the date on which the defendants acquired title to their property;" (b) that the defendants are enjoined against interfering with the plaintiff in a right to use this strip as so determined; and (c) that the plaintiff recover of the defendants $1000 damages.

The first assignment of error is directed against that portion of the judgment which orders the defendants to restore the "Proposed Extension of Gardner Avenue," to the condition in which it was when the defendants acquired the property, it being asserted that this relief is not claimed in the complaint. We do not construe the judgment, as the appellants appear to, as contemplating or requiring restoration of that portion of the "Proposed Extension" which has been constructed and deeded to the city, but regard it as referring only to the remaining "strip" between the street as built and the plaintiff's south line. Even this, however, is not within the prayers for relief except so far as is germane and incident to the injunction prayed for and granted against interference with plaintiff's use of the strip, which should include, and is to be construed as including, prohibition of maintenance, on the strip, of existing obstructions to the plaintiff's use of it. Neither this injunction nor the mandate for restoration could cover or affect the street and appurtenances which have been transferred to the city and removed from the defendants' control. The plaintiff's remedy, in this action, for any obstruction or curtail-

ment of her use of the strip consequent upon the construction and transfer of the street by the defendants is confined to recovery of damages therefor. Mandate (a) of the judgment is therefore erroneous and should be eliminated. *Shaw* v. *Spelke,* 110 Conn. 208, 214, 147 Atl. 675.

The conclusions as to the rights of the plaintiff in the "strip" are attacked as lacking adequate support from the facts. The conclusions import that the title to this strip remains in the defendants and of this, naturally, they do not complain; their criticism is directed to the holding that the plaintiff has the right to use it to the extent that it was within the "Proposed Extension of Gardner Avenue" on which the plaintiff's deeds bounded her second tract, that is to a width of fifty feet along her southerly line. The map which the plaintiff's grantors made in 1923 is not referred to in the plaintiff's deeds, so that she cannot rely upon that, alone, as entitling her to the use, in connection with her land, of the strip in question as part of a street delineated thereon. *Whitton* v. *Clark,* 112 Conn. 28, 32, 151 Atl. 305; *Merino* v. *Fish, Inc.,* 112 Conn. 557, 560, 153 Atl. 301. This map, however, in connection with the other facts, including the knowledge of it which the defendants had, and their conduct in laying out and constructing a street as they did, serves to locate and define the "Proposed Extension" mentioned in the plaintiff's deeds as of the width of fifty feet and a length at least extending to the plaintiff's westerly line. The fact that these deeds described the land conveyed to the plaintiff as bounded upon this proposed street extension brings her within the scope of the rule which estops the defendants to deny the existence of a street at least sufficient to entitle the plaintiff to a right of way over the land so referred to. *Billings* v. *McKenzie,* 87 Conn. 617, 620, 89 Atl. 344;

*Driscoll* v. *Smith,* 184 Mass. 221, 223, 68 N. E. 210; *National Silk Dyeing Co.* v. *Grobart,* 117 N. J. Eq. 156, 175 Atl. 91; 14 L. R. A. (N. S.) 878; 19 C. J. 932, § 134; 7 R. C. L. 1097. This rule applies whether or not the street is actually existent at the time of the conveyance. *Badeau* v. *Mead,* 14 Barb. (N. Y.) 328, 337; 2 Tiffany, Real Property (2d Ed.) § 366, p. 1315. No covenant is implied, however, that the street will be made and maintained fit for travel. *Hennessey* v. *Old Colony & Newport R. Co.,* 101 Mass. 540. The defendants concede that they are bound, equally with their grantors, by the recitals in the latters' deeds to the plaintiff. The conclusion as to the rights acquired by the plaintiff by virtue of the conveyance to her was justified by the facts. We do not understand that the plaintiff claimed that the defendants were under an obligation to actually construct a street in the location indicated by the map and the plaintiff's deeds, and the trial court did not so hold. All that the plaintiff is held entitled to is a right to use the locus, or such part of it as is not occupied by the public street, in its unimproved state, but without obstruction or unreasonable interference by the defendants. Of this the defendants have no sound reason to complain.

We are unable to find in the pleadings and the finding, as we have been required to correct it, justification for the conclusion that the plaintiff has proven damages of $1000 and for so much of the judgment as calls for recovery of that amount. The allegations of the complaint appropriate to special damages pertain to the various obstructions to plaintiff's use of the land referred to as the extension of Gardner Avenue, and there is no finding and no evidence as to the amount of such damages. The only definite evidence introduced by the plaintiff as to diminution of value of her property related to the difference in value with

and without ownership, by the plaintiff, of the disputed strip in connection with her property, to which ownership she had no valid claim. The cost of building a retaining wall, found to be $300, would fall upon the plaintiff only if she owned the strip. The conclusion regarding damages indicates that the award was made for a lessening of value of the plaintiff's property due to the acts of the defendants in constructing the street in the location they did, instead of along the entire length of the plaintiff's lot, and the lowering of the grade and the obstruction created by the curb and sidewalk abutting on the remainder of the strip. There is no evidence to support a finding of damages of $1000 so caused. The evidence is uncontradicted that the cut amounted to only about a foot along the part of the street on which the plaintiff's land directly abuts and was so relatively slight for some distance further west as not to interfere materially with access from the strip to the accepted street, nor does it appear that the curb and sidewalk seriously affected such access. As we have already noted, the defendants were under no duty to the plaintiff to construct a street through the strip and their diversion of the improved street away from the plaintiff's south boundary of itself violated no rights of the plaintiff so as to entitle her to damages by way of reduction in value of her property from what it would have been had the improved street been so located that the plaintiff's property would abut upon it its entire length.

There is error in the respects above indicated. The case is remanded for correction of the judgment by striking out the provision (a) for restoration, and for rehearing on the question of damages, only.

In this opinion the other judges concurred.