## Harry M. Ford *v.* Gulf Oil Corporation of Pennsylvania

Superior Court      Fairfield County      File No. 87165

Memorandum filed December 31, 1953.

*Thomas A. Keating,* of Danbury, for the Plaintiff.

*Norman A. Buzaid,* of Danbury, for the Defendant.

PHILLIPS, J. This is an action for a declaratory judgment determining the plaintiff's rights in a strip of land approximately 195 feet long and 50 feet wide, the fee of which is in the defendant

Mutual Fuel Corporation, hereinafter referred to as Mutual. The plaintiff desires to use the strip as a means of access to his property on the north.

On December 21, 1945, the named defendant, hereinafter referred to as Gulf, the predecessor in title to the defendant Mutual, sold a piece of land in Danbury to the plaintiff. The deed referred to a map filed in the town clerk's office and stated that a copy was attached to the deed, but no such map is of record nor was a copy attached to the deed. A map placed in evidence as a plaintiff's exhibit sufficiently delineates the property and was accepted by the parties and used by the court as showing the general situation. There was no evidence, however, that it was a copy of the map referred to in the deed, and it cannot be considered as a part of the latter.

The land conveyed was situated somewhat to the north of Shelter Rock Road and was connected with it by a proposed street, 50 feet in width, hereinafter referred to as Jansen Street, which also ran along one of the west boundaries of the property conveyed. The controversy centers on a strip of land, hereinafter referred to as the strip, which is an extension of Jansen Street to the north for a distance of 195 feet across the defendants' land to land of the plaintiff. The latter formerly had access from Shelter Rock Road to the portion of the property he now holds via Jansen Street, but due to the sale of certain lots by him he no longer has such access. The only way he can reach his property now would be through Jansen Street and the strip.

The crucial point of the case is whether, in its conveyance to the plaintiff, the defendant Gulf bounded the land conveyed upon the strip and in so doing referred to it as a proposed street, so as to bring the case under the following principle of law: A grantor is bound by the recitals of his deed; and therefore a recital in a deed to the effect that the

land conveyed is bounded on one side by a street estops the grantor and those claiming under him from subsequently asserting the contrary and from questioning the grantee's right to use the land embraced in the street as a passway. *Billings* v. *McKenzie,* 87 Conn. 617; *Buckley* v. *Maxson,* 120 Conn. 511, 518. If Gulf bounded the land conveyed in this manner, the plaintiff has an easement over the strip. Otherwise he has not, as there was no express grant of a right of way.

The conveyance was made in an unusual manner. In the first part of the deed a tract of land is conveyed, the description of which corresponds to that in a deed to Gulf. Then there is reserved to the grantor, Gulf, a piece of land containing the strip and referred to as Parcel One. The effect is to convey title to the plaintiff in Parcel Two, a tract of about 4.72 acres, this being the whole tract less the piece reserved to the grantor.

In the first description, conveying the whole piece to the plaintiff, one of the southerly boundaries, and one of the westerly boundaries, was given as "a proposed street." From a careful examination of the deed and map, and of the prior deed to Gulf where the same description was used, I find that this reference was to Jansen Street and not to the controversial strip.

The description of the land reserved to the grantor Gulf, Parcel One, was more specific and included metes and bounds. Its northerly line ran northeasterly 255 feet more or less to a point in the easterly line of a "proposed street," thence southerly along the easterly line of said "proposed street" a distance of 195 feet more or less to a point, thence southwest 50 feet more or less to a point in the westerly line of said street, and so on, the whole reserved piece being 1.78 acres. The reference to

the "proposed street" in these instances was to the strip in question. These references to the strip, it should be noted, do not concern the land conveyed to the plaintiff but only that which is reserved to the defendant's predecessor in title, Gulf. This fact is determinative of the case, as will appear.

In both the *Billings* case and the *Buckley* case, supra, the lot conveyed to the plaintiff was clearly bounded on the proposed street. The cases were based on the doctrine of estoppel. "The fact that these deeds described the land conveyed to the plaintiff as bounded upon this proposed street extension brings her within the scope of the rule which estops the defendants to deny the existence of a street. . . ." *Buckley* v. *Maxson*, 120 Conn. 511, 518. As has been seen, no such representation occurs in the deed in the present case. The land actually conveyed is not described as bounded on the controversial strip. The only reference to the strip was in fixing the boundaries of the piece reserved to the grantor. Therefore there is no basis for the application of the doctrine of estoppel by recitals in the deed as set forth in the two cited cases.

This determination is reinforced by an exchange of letters between Gulf and the real estate agent handling the sale to the plaintiff just prior to its consummation. The agent asked in effect that the right to use the strip as a roadway be given the purchaser (plaintiff), his heirs and assigns. In its reply letter of November 28, 1945, Gulf specifically refused to do this. "Because of the uncertainty of our rights, we would be most reluctant to convey an easement over the proposed street or road. . . . The strip referred to has been used as an open road. We have no objection whatsoever to the use of the strip for that purpose by your client but this letter is as far as we can go." It is assumed the plaintiff was aware of this correspondence. With-

in a month thereafter the sale was consummated with no mention in the deed of a right of way in the strip. In a subsequent deed of a part of his land to Modern Fur Company, no mention was made by the plaintiff of a right of way over the strip.

The essentials of an estoppel are that a party must do or say something calculated to induce another to believe in the existence of certain facts and to act upon that belief, and that the other party, influenced thereby, must actually change his position or do some act to his injury which he would not otherwise have done. *State ex rel. DeGregorio* v. *Woodruff,* 135 Conn. 31, 36. Estoppel rests upon the misleading conduct of one party to the prejudice of the other. *Linahan* v. *Linahan,* 131 Conn. 307, 327.

Far from satisfying these requirements, the facts of the present case clearly show that it is outside the principles of estoppel. There was no misleading recital in the description of the boundaries of the land conveyed to the plaintiff. There was no misleading conduct by the grantor to the prejudice of the grantee. Gulf made it clear by its letter that it was conveying no right of way. The plaintiff bought the land with no more than a license to use the strip. He was not in any way misled by Gulf to his prejudice.

The plaintiff in his brief appears to claim that, to come within the rule, it is not necessary that the conveyance describe the land as bounded by a street or highway, provided only it is actually so bounded. He cites *Champlin* v. *Pendleton,* 13 Conn. 23, and *Gear* v. *Barnum,* 37 Conn. 229. These cases are readily distinguishable. They concern the implied conveyance of the fee to the center of a public highway when the land conveyed abuts upon that highway. The doctrine of estoppel is not involved in these cases; they rest upon a principle not germane to the present case.

The first question asked, as to whether the strip is a public highway, is not answered, as there was no evidence concerning it.

The second question, whether the plaintiff has a right of way over the strip, is answered in the negative. The other questions need not be answered.