### Jon and Anna Knudson v. William H. and Janice A. Leach d/b/a Cambridge General Store

[458 A.2d 1140]

No. 82-204

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed April 5, 1983

*Myers & Gobin,* Essex Junction, for Plaintiffs-Appellants.

*Robert E. Fletcher* of *McNeil, Murray & Sorrell, Inc.,* Burlington, for Defendants-Appellees.

**Hill, J.** This is an appeal from an order of the Lamoille Superior Court requiring plaintiffs to remove a barrier from a driveway they share with defendants and to restore the same to its original width. We affirm.

From 1924 to 1936, one Eva B. Luce was the fee owner of property located in the village of Cambridge consisting of a brick house, a "store and tenement" building (store building), and various outbuildings. On September 21, 1936, the parcel of land containing the store building was conveyed by warranty deed to Henry and Gertrude Hawley. Included within the Hawleys' deed was "the right of a driveway around the west and north side of said lot conveyed. . . ." Through a series of mesne conveyances, plaintiffs acquired title to the brick house and surrounding property, while defendants acquired title to the store building, its surrounding property, and the right of way over plaintiffs' driveway.

In 1936, when the subject easement was created, the gravel driveway ran northerly from Main Street in Cambridge, between the store building and brick house, along the westerly side of the lot conveyed to the Hawleys. The driveway covered the entire area between the two buildings, save three

feet of lawn on the easterly side of the brick house. From the time of the creation of the easement to the present, the driveway has been used in connection with, and for the express purpose of aiding in, the operation of the store and for access to the rear of the dominant estate. Specifically, the driveway has been used by deliverymen and store customers for the delivery and shipment of store supplies at the rear unloading dock. In addition, the driveway has been used by the plaintiffs and their predecessors in interest for access to their garage area.

In 1975, plaintiffs constructed a curbing along the easterly side of the easement for a distance of approximately sixty-two feet. The trial court found that the curbing, composed of railroad ties (twelve inches high and six inches wide) and earthen fill, encroaches upon the driveway by four to four and one-half feet at the southerly end, and runs diagonally towards defendants' unloading dock so as to reduce the traveled way from sixteen feet wide at the street entrance to approximately twelve feet wide at the northeast corner of the barrier.

In 1979, approximately six months after defendants purchased the store building and business, plaintiffs brought suit seeking preliminary and permanent injunctive relief prohibiting defendants and persons under their control from parking in, or impeding ingress to or egress from the driveway in question. Claiming that defendants had materially increased their use of the driveway, plaintiffs additionally sought to enjoin defendants from making any use of their property which would necessitate vehicles loading and unloading supplies in the driveway. Defendants sought by way of counterclaim a mandatory injunction requiring plaintiffs to remove the above described curbing. After making extensive findings of fact, the trial court ordered defendants and persons under their control to refrain from parking motor vehicles on the right of way in such a manner as to interfere with plaintiffs' free use of said right of way. With regard to defendants' counterclaim, the trial court ordered plaintiffs to remove the curbing and restore the driveway to its original width of twenty feet.

Although plaintiffs devote a major part of their brief to supporting the trial court's order prohibiting defendants and persons under their control from interfering with plaintiffs'

use of the driveway, that order has not been challenged. Instead, the sole issue presented is whether the trial court erred when it ordered plaintiffs to remove the curbing and restore the driveway to its original width.

Plaintiffs contend that there is no evidence to support that order. However, a review of the record reveals that plaintiffs never challenged the trial court's findings as to the precise location of the driveway, nor the fact that the lawn and curbing encroached thereon by four to four and one-half feet. Thus, the existence of the four to four and one-half foot encroachment onto the right of way is not in dispute. In cases such as this, we have held:

> The grantor, or those claiming under him, cannot . . . legally obstruct the way, . . . because an easement such as a right of way appurtenant is an incorporeal hereditament, and one holding the title thereto has the same right of property therein as he has in land. He is entitled to his specific property and cannot be divested thereof without his consent.

*Lafleur* v. *Zelenko*, 101 Vt. 64, 71–72, 141 A. 603, 606 (1928) (citations omitted). If the right of way is illegally obstructed, the owner of the right is entitled to injunctive relief. *Id.* at 72, 141 A. at 606 (citing *Manbeck* v. *Jones*, 190 Pa. 171, 174, 42 A. 536, 537 (1899). Hence, the trial court's order to remove the curbing was proper. As a result of the intervening lapse of time, the effective date for the removal of the curb must be amended.

*Paragraph 2 of the judgment order below is amended to make the effective date thereof thirty days from issuance of the mandate from this Court, and as so amended, the judgment order is affirmed.*