[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves the competing claims of the parties concerning the use and or ownership of a fifteen foot strip of land in Branford. The plaintiffs, Harold Estrom and Phyllis Estrom and the defendant Nicholas G. Burban are abutting owners. The defendant's property, known as 29 Hill Street, abuts that of the plaintiffs immediately to the south. The warranty deed conveying title to the defendant in 1952 describes his most westerly boundary as being "by a right of way called Hill Street, 49.6 feet, more or less."
The plaintiffs, in the first count of their complaint, allege that the right of way, called Hill Street in the defendant's deed serves as access to their property.[1] They further allege that since December 1989, the defendant "has commenced to obstruct and block said right of way, preventing [them] from using [it] for vehicular access to their property" and that, despite repeated requests, personally and through counsel, to the defendant that he cease to obstruct their access," he, nevertheless, has refused and continues to do so. As a result of the defendant's alleged actions, the plaintiffs maintain that they have suffered irreparable harm for which they have no adequate remedy of law and they seek an injunction restraining him obstructing or blocking the right of way.
In the second count they repeat the allegations of their first count and, in addition, allege that the defendant's actions in CT Page 8204 obstructing the right of way "have been wilful and wanton and have been undertaken to harass the plaintiffs. They, therefore, seek punitive damages.
The defendant has interposed a special defense. The plaintiffs admit so much of the special defense as alleges that "Hill Street is a roadway created for the use of various purchasers of land abutting said roadway" and that "Hill Street borders the defendant's most westerly boundary." They deny the allegation that the "has the right to park on Hill Street because he abuts Hill Street, and Hill Street is a roadway created for the use of abutting landowners "as well as denying the allegation, in paragraph 2A of the special defense, that "For more than fifteen years last past, continuously and next before the filing of the plaintiff's complaint, defendant has occupied and possessed the strip of land which borders his property on the westerly side." The plaintiffs also deny the allegation of paragraph 2B in the special defense which alleges that "Such possession and occupancy has been under claim of right, open, continuous and exclusive for more than fifteen years last past and prior to the institution of this suit; by reason of such occupancy and possession, defendant is the sole and exclusive owner in fee simple of the strip of land which borders his property on the westerly side, holds legal title thereto, and is entitled to the use, possession and quiet enjoyment thereof, free from any asserted claim, right, title or interest in and to the described land by plaintiff's or either of them."
The defendant Burban has also set up a counterclaim. In it he alleges his ownership of the real estate at 29 Hill Street as described in his 1952 deed, the ownership of the plaintiffs, immediately to his north, as described in their 1980 deed and that his most westerly boundary is "A Right of Way called Hill Street." The Estroms admit these allegations but they deny the subsequent allegations of the counterclaim which reallege paragraphs 2A and 2B of his special defenses.[2] By way of relief under his counterclaim Burban seeks a judgment that (1) he is the legal owner in fee simple of the land which abuts his property on the westerly side (2) he is entitled to the sole and exclusive use and possession of that land, (3) the Estroms have no right, title or interest in that land, (4) the Estroms be enjoined from asserting, claiming, or setting up any right, title or interest in that land, (5) the Court determine and quiet title to that land and (6) the granting of such other and further relief as may be proper.
At this junction it is appropriate to set out several facts The plaintiffs Estrom have resided in their premises for approximately forty-five years or since about 1946. From 1946 until 1980 they were tenants of the owner Frank Prospritch. In December 1980, they purchased the premises from Prospritch's estate. Their property is an irregularly shaped piece which bounds CT Page 8205 in three places upon the "right of way" in issue in this case.[3]
It also bounds southerly fifty feet on Grove Street. The defendant Burban's property is also irregularly shaped and is bounded in only one place by the "right of way", i.e. "West by a Right of Way called Hill Street, 49.6 feet, more or less."[4] This bound is Burban's only means of ingress or egress to and from his property
The "right of way" in issue as defined by the parties at the trial, is fifteen feet wide on its northerly bound on the plaintiffs' property, is 49.8 feet long on its easterly bound on the defendant's property, is 15.89 feet wide on its southerly bound on Grove Street and is 56.50 feet long on its westerly bound on other land on the plaintiffs. At the northerly terminus of this "right of way" where it coincident with property which the plaintiffs own in fee simple there is another "right of way", referred to at trial variously as the "interior right of way" or the "ten foot right of way." When the plaintiff purchased their property in 1980 their deed of acquisition subjected their fee simple title to this interior right of way which is referred to in a 1919 map described in their 1980 deed. This 1919 map is an exhibit in evidence in this case. This interior right of way is separate and apart from the fifteen foot right of way in issue and no part of the latter lies on land which the plaintiffs own in fee simple.
The plaintiff claims that in December 1989 the defendant commenced to block and obstruct the fifteen foot right of way known as Hill Street which provides access to their property as well as that of the defendant and that he continues to do so to the date of trial. In addition, they claim that although the defendant denies this blocking or obstructing of their passage through Hill Street, he tacitly admits doing so in his special defense and counterclaim in which he claims title by adverse possession to the entire portion of Hill Street abutting his westerly boundary. They deny his claim of adverse possession. While the plaintiffs make no claim of ownership in fee as to the portion of Hill Street which abuts the defendant's westerly boundary, they do claim that they have the right to use it as access to this property just as the defendant has the right to use it to access his property.
The defendant, on the other hand points, to the plaintiffs' admission in the pleadings that Hill Street is created for the people who own land there and argues that he has the right to park on it and so he is not blocking or obstructing it as claimed. He also contends that he is the actual fee owner by adverse possession of the property west of 29 Hill Street . . . [the disputed 15 foot right of way] by virtue of his occupation and possession of said property "as well as alternatively claiming an easement in it under Buckley v. Maxson, 120 Conn. 511, 518. In the event, however, that no such easement is found under Buckley, then he claims "a right of CT Page 8206 way or easement" by the adverse use or enjoyment of the property west of 29 Hill Street pursuant to General Statutes 47-37. He further claims that because certain recorded deeds over the years have referred to Hill Street as a "Highway", a "Private Way known as Hill Street" and a "Right of way called Hill Street", such variations on what Hill Street is and where it extends to it then becomes a matter of interpretation as to what its status of "Hill Street" really is. He also questions whether an injunction is the proper remedy. Finally, he claims that the plaintiff are not entitled to punitive damages.
As already noted, the parties agree in the pleadings that Hill Street "is a roadway created for the use of various purchasers of land abutting said roadway." Both the Estroms and Burban abut this "roadway". On the credible evidence the court cannot conclude that the section of "Hill Street" which is in dispute is an accepted town highway in Branford but is as on the evidence and, as admitted, one created for the use of purchasers abutting it.
As bearing upon his claims Burban points out that earlier deeds involved have referred to Hill Street in varying ways as indicated above and that these together with other evidence substantiate his claims of his use of the fifteen foot right of way. It is a well established principle of construction that "wherever possible each part of the scrivener's phraseology should be given some import." Peckheiser v. Tarone, 186 Conn. 53, 59,438 A.2d 192 (1982). Doing so, it is the courts view that the earlier deeds insofar as all the deeds in evidence touch upon the disputed area lead us to conclude that that area, is, as to both the Estroms and Burban, a mutual right of way subject to mutual rights and duties between them and is to be so used by them.
In 1952 Burban, acquired his right of way over this area, by virtue of his westerly bound "by a right of way called Hill Street, 49.6 feet, more or less" especially given the circumstance that that this right of way was (and is) his sole means of ingress and egress to his property. As to Burban, the circumstances, created in him under his 1952 warranty deed, the right, in the nature of an easement by implication to a right of way over the disputed fifteen foot right of way to Grove Street. See generally 25 Am.Jr.2d Easements 24-38 (1966). An easement by implication essentially is a presumption of a grant not contained in the words of the deed but is one which arises, however from the circumstances of the case. See Rischall v. Bauchmann, 132 Conn. 637, 644-645, 46 A.2d 898,165 ALR 559 (1946). The principle underlying the creation of such an easement is that basically it is so evidently necessary to the reasonable enjoyment of the premises conveyed that the law will give effect to such a grant according to the presumed interest of the parties. See Rischall v. Bauchmann, supra. No one claims that Burban should not enjoy use the fifteen foot right of way in a CT Page 8207 manner reasonably necessary to the just enjoyment of the property acquired by his 1952 deed and especially, is no one claiming that he is to be denied such use for ingress and egress thereto. Keeping in mind, however, that while the Estroms do not claim a fee interest in the fifteen foot right of way as Burban does, they do vigorously claim that Burban has no right to conduct himself as alleged to obstruct and block this right of way and to harass them on their use of it.
Nevertheless, Burban claims first that under the doctrines of adverse possession that he is "the actual fee owner" of the property west of his property at 29 Hill Street. Thus he claims fee ownership of the fifteen foot right of way by adverse possession. The court does not agree.
Where title is claimed by adverse possession, the burden of proof is on the claimant, here the defendant Burban. Loewenberg v. Wallace, 147 Conn. 689, 699, 166 A.2d 150 (1960). "Adverse possession is a doctrine which grants ownership in derogation of record titles since it presupposes that record title is in someone other than that the claimant. See Arcari v. Dellaripa, [164 Conn. 532,536, 325 A.2d 280 (1973)]; Huntington v. Whaley [29 Conn. 391,398 (1860)]" Clark v. Drska, 1 Conn. App. 481, 486, 473 A.2d 325
(1984). The doctrine of adverse possession is to be taken strictly. Roche v. Fairfield, 186 Conn. 499, 442 A.2d 911 (1982); Huntington Whaley, supra 398. Adverse possession is to be made out by clear and positive proof. Wildwood Associates Ltd. v. Esposito,211 Conn. 36, 42, 557 A.2d 241 (1989); Roche v. Fairfield,186 Conn. 490, 498; Wadsworth Realty Co. v. Sundberg, 165 Conn. 457,462, 338 A.2d 470 (1975). "The essential elements of an adverse possession sufficient to create title to the land in the claimant are that the owner shall be ousted of his possession and kept out uninterruptedly for a period of fifteen years, by an open, visible and exclusive possession by the claimant without the license or consent of the owner and under a claim of right. Robinson v. Myers, [156 Conn. 510, 244 A.2d 385 (1968)]; Barrs v. Zukowski,148 Conn. 158, 166, 169 A.2d 23." Wadsworth Realty Co. v. Sundberg, supra 462-463; Roche v. Fairfield, supra. The use is not exclusive if the claimant merely shares dominion with other users for the statutory period. Arcari v. Dellaripa, 164 Conn. 531, 536,325 A.2d 280 (1973). Whether possession is adverse is a question of fact. Roche v. Fairfield, supra 498; Whitney v. Turmel, 180 Conn. 147,148, 429 A.2d 826 (1980).
The evidence at the trial, at which all the parties testified, presented questions of credibility for the trier to resolve. See Wildwood Associates Ltd. v. Esposito, supra. 45. It is the settled rule that in a controversy under 47-31 over the title to, or an interest in, real estate, that a party can prevail, i.e. obtain an adjudication of title of an interest in himself, if at all, only on CT Page 8208 the strength of his own title or interest as distinguished from the weakness of the title or interest of his adversaries. Loewenberg v. Wallace, supra 698. This is true as to a plaintiff or to a defendant, where either or both seek to obtain an affirmative adjudication of title to or an interest in real estate. Loewenberg v. Wallace, supra 698-699.
Burban has never posted any signs or similar indicia of ownership on or near the disputed right of way declaring or suggesting that he owns or is claiming to own a fee interest in it. In this regard, it is noted that at some time in the past year he has contacted the town to try to have some potholes in the disputed right of way repaired. He has always "assumed that he could park in the . . . front" of his house which faces west on Hill Street. Specifically he believes that the manner and places in which he has parked his car or cars which is now complained of by the plaintiffs as blocking the right of way for them was proper. He maintains that he has acquired title by using the right of way for driving and parking automobiles as well as walking thereon. However, he cannot and does not dispute the evidence that the Estroms also have used it and do use it. He has never acted to "block" it insofar as they are concerned until late December 1989 at which time he parked his yellow Mustang car on that right of way in a manner and at a place which prevented the Estroms from utilizing it by which to continue on that right of way to proceed on a straight course directly from it onto their property. He also, on occasion, parked another car he owns, on the disputed right of way so that it also has blocked and or obstructed the plaintiffs' use of it. Another vehicle cannot pass his car so parked because the right of way at that juncture has a dogwood tree on its westerly side and what would appear to be the end of a white fence on its easterly side.
The defendant also Burban, claims that he has an easement by implication over the disputed right of way known as Hill Street that abuts his property on the west by virtue of the holding in Buckley v. Maxson, 120 Conn. 511, 181 A. 922 (1935). The court does not agree. The short answer to his Buckley claim is that the principle of Buckley is not applicable on the facts of this case. That principle of Buckley, is: "A grantor is bound by the recitals of his deed; and therefore a recital in a deed to the effect that the land conveyed is bounded on one side by a street estops the grantor and those claiming under him from subsequently asserting the contrary and from questioning the grantee's right to use the land embraced in the street as a passway." Harry M. Ford v. Gulf Oil of Pennsylvania, 18 Conn. Sup. 382, 383-384; Buckley v. Maxson, supra 518. Unlike Buckley, there is no evidence in this case that the party or parties challenging Burban's claims concerning the disputed right of way are in the position of the grantor (or his successors) in Buckley so as to generate an estoppel situation as in Buckley. It is submitted that Buckley is clearly CT Page 8209 distinguishable on the facts of this case.
The court cannot find on the evidence that, prior to December 1989 that Burban over the course of his ownership of the premises at 29 Hill Street conducted himself in a manner as to the use of the right of way that demonstrated he was claiming, let alone prove adverse possession of a fee interest in the disputed right of way. For one thing his use was not at all exclusive. The credible evidence does not demonstrate by the required standard of proof that Burban has used or possessed this right of way in which he claims a fee interest so as to prove that he has acquired such an interest by adverse possession.
We now turn to the defendant Burban's claim that he has a right of way or easement by way of adverse user of the property West of 29 Hill Street pursuant to General Statutes 47-37. Our Appellate Court has said:
 "The cause of action of title by adverse possession and of the acquisition of an easement by prescription are two different causes of action. The former requires proof of exclusive possession, whereas the latter does not. Furthermore, the burden of proof required is different. Title by adverse possession must be established by clear and positive proof. Clark v. Drska, 1 Conn. App. 481, 489, 473 A.2d 325 (1984). An easement by adverse use need only be established by a preponderance of the evidence. Reynolds v. Soffer, 190 Conn. 184, 188, 459 A.2d 1027 (1983)."
Sanford v. Dimes, 3 Conn. App. 639, 640, 491 A.2d 398 (1985). Accordingly "To acquire a right of way by prescription, there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. General Statutes47-37; Putnam, Coffin Burr, Inc. v. Halpern, 154 Conn. 507, 515,227 A.2d 83 [1967." Wadsworth Realty Co. v. Sundberg, 165 Conn. 457,463, 338 A.2d 470 (1973).
In this state, while the burden of proof is on the party claiming a prescriptive easement, there is no presumption of permissive use to overcome. Reynolds v. Soffer, 190 Conn. 184,188, 459 A.2d 1027 (1983). "All that is required is a showing by a fair preponderance of the evidence that the use is adverse." Reynolds v. Soffer, supra. "Whether the requirements for such a right have been met in a particular case presents a question of fact for the trier of facts." Swenson v. Dittner, 183 Conn. 289,294-25, 439 A.2d 334 (1981); Robert S. Weiss Co v. Mullins,196 Conn. 614, 618, 495 A.2d 1006 (1985). In sum, "[a] prescriptive CT Page 8210 easement is established by proof, by a fair preponderance of the evidence, of an open, visible, continuous and uninterrupted use under a claim of right. General Statutes 47-37; Sanford v. Dimes,3 Conn. App. 639, 640 n. 1, 491 A.2d 398 (1985)." East Haddam Fishing Game Club Inc. v. Ciucias, 4 Conn. App. 214, 216,493 A.2d 281 (1985).
In resolving Burban's claim that he has established under the applicable law that he is an adverse user of the disputed right of way in accordance with 47-37, we may appropriately consider evidence found credible on his claim of adverse possession as to a fee interest in this right of way as well as any other credible evidence bearing upon the user issue. Because, a cause of action to establish adverse user here as opposed to one to establish adverse possession are two different causes of action, we must only be mindful that on Burban's adverse user claim not only is his burden of proof less onerous but his user is not required to be exclusive. See generally, Klein v. DeRosa, 137 Conn. 58679 A.2d 773 (1951). Moreover, this claim arises under General Statutes47-37 and not 47-31, and so, in this case, the settled rule indicated above that "in a controversy under 47-31 over the title to or an interest in, real estate, a party can prevail, that is, can obtain an adjudication of title or an interest in himself, if at all, only the strength of his own title or interest as distinguished from the weakness of the title or interest of his adversary", See Loewenberg v. Wallace, supra 698, is not deemed applicable. This court concludes that under the credible evidence and the applicable law, the defendant Burban has not sustained his burden of proof on his claim of adverse user under 47-37 of the disputed right of way as he claims it to be.
In light of what we have said the defendant Burban does not have a fee interest in the disputed right of way under 47-31, nor does is he adverse user of it under 47-37. Moreover, his claim that as the owner of property abutting a "highway" he owns the fee to the center of the "highway" is overruled. Hill Street is not an accepted town road and it has not been proven that it ever was and, so, Burban's citation to Luf v. Southbury, 188 Conn. 336, 341,449 A.2d 1001 (1982) is not considered controlling. In addition, concluding as we have that the disputed portion of Hill Street north of its intersection with Grove Street is a private right of way as to both the plaintiffs and defendant Burban, his westerly bound on Hill Street does not give him ownership to the center of this right of way. Our law provides otherwise. The grantee of land bound on a private way is not presumed to own the fee in any part of that way. Wambeck v. Lovetri, 141 Conn. 558, 562-563,107 A.2d 395 (1954); Seery v. Waterbury, 82 Conn. 567, 571, 74 A. 908
(1909); see 11 Corpus Juris Secundum Boundaries 43.
With these determinations we turn now to the propriety of the CT Page 8211 use of this mutual right of way by the defendant Burban as complained of.[5] There is no question that both the Estroms and Burban have the right to use the disputed right of way for purpose of ingress and egress to their respective properties. This right of easement in each requires that the use by each be a reasonable use and as our Supreme Court has said: "An easement must be used reasonably. Rights must exercised with reference to the rights of others." Peterson v. Oxford, 189 Conn. 740, 746, 459 A.2d 100
(1983). This reasonable use rule applies not only to the Estroms and Burban but also to such use by their business and social visitors without interference from the other. See Landowner v. Steelman, 275 Or. 135, 549 P.2d 1256, 1259 (1961); 3 Tiffany Real Property 326, 803 (3d ed 1939). Reasonable use is a question of fact which is to be determined on a case by case basis after a consideration of all the relevant circumstances. Peterson v. Oxford, supra. 745; Lichteig v. Churinetz, 9 Conn. App. 906,409-410, 519 A.2d 99 (1986). Under all the relevant circumstances, the defendant Burban's parking of his cars as complained of, did block and obstruct the plaintiffs' Estrom rights to their use the disputed fifteen foot right of way. This was an unreasonable use of the right of way. Exceeding as it did his right to the use of it, such use should be terminated and injunctive relief entered to restrain such use in the future.
An injunction is the proper remedy to step interference with an owner's use and enjoyment of an easement. . . . Injunctions fall within the field of equitable remedies. . . . They are not issued as of right, but in the sound discretion of the court." Gerald Park Improvement Association v. Bini, 138 Conn. 232, 236, 83 A.2d 195
(1951). Long ago it was well settled that an obstruction to a private way was one of the class of cases in which injunction relief may be sought. See e.g. Dewire v. Hanley, 79 Conn. 454,458, 65 A. 573 (1907); See Knudson v. Leach, 142 Vt. 648, 651,458 A.2d 1140 (1983). "It [an injunction] is an equitable form of relief, however, which does not follow automatically upon establishment of a strict legal right where such a remedy would be incompatible with the equities of the case." Peckheiser v. Tarone,186 Conn. 53, 61, 438 A.2d 1192 (1982) citing Gerald Park Improvement Association v. Bini, supra 236. An injunction is an equitable remedy, and may be denied if the balance of the equities favors the party against whom it is sought. Hartford Electric Light Co. v. Levitz, 173 Conn. 15, 21, 376 A.2d 34 (1927). The plaintiffs have no adequate remedy of law and they have proven their entitlement to injunctive relief. Upon a consideration of all the circumstances we conclude that the balance of the equities favor the plaintiffs here and that an injunction restraining the blocking and obstruction of the disputed fifteen foot right of way should be and is issued against the defendant Burban.
Accordingly, a permanent injunction is hereby issued CT Page 8212 restraining the defendant or his agents, or employees or assigns from causing or permitting the blocking and/or obstructing of the disputed fifteen foot right of way or any part of it. This disputed right of way which was described at the trial and is shown in a survey in evidence which is recorded in the office of the Town clerk in Branford, Connecticut entitled map of "Estate of Frank T. Prospritch, Grove Street, Branford, Conn., scale 1" = 20', surveyed August 13, 1980" (by S.A. Hanchurick, Jr.) and on that map this right of way bounds southerly 15.89 feet on Grove Street and northerly 15.00 feet on the plaintiffs' Estrom property. Its easterly bound runs along the entire westerly bound of the defendant and its entire westerly bound runs entirely along other land of the plaintiffs' Estrom.
We now address the plaintiffs' claim for punitive damages. They allege that Burban's actions in obstructing the right of way "have been willful and wanton and have been undertaken to harass the plaintiffs." They argue that "his actions and his conduct" were such that "at the least exhibiting a reckless indifference to the rights of the plaintiffs or more likely engaging in an intentional and wanton violation of those rights," which, in either case, would give rise to an award of exemplary or punitive damages." The court does not agree.
Certain legal principles concerning punitive damages may appropriately be noted. Punitive damages and exemplary damages are merely alternate labels for the same remedy. Alaimo v. Royer,188 Conn. 36, 42, 448 A.2d 207 (1982). They can include attorneys fees. "In order to award punitive or exemplary damages, evidence must reveal reckless indifference to the rights of others or an intentional or wanton violation of those rights." Venturi v. Savitt, Inc. 191 Conn. 588, 592, 468 A.2d 933 (1983); see Collens v. New Canaan Water Co., 155 Conn. 477, 458, 459, 234 A.2d 825
(1967). "In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence. Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 128, 222 A.2d 220 (1966)." Venturi v. Savitt Inc., supra.; Manning v. Michael, 188 Conn. 607,619, 452 A.2d 1189 (1982). For an award of punitive damages, it is essential that evidence of the cost of the litigation of the case being tried must be offered." Vandersluis v. Weil, 176 Conn. 353,359, 407 A.2d 982 (1978). In this case plaintiff's counsel filed his affidavit setting out the amount of attorneys' fee claimed as punitive damages.
Evidence already referred to above concerning the conduct of Burban and other circumstances are considered on the issue of punitive damages. In addition, it is noted that despite the fact that these parties have been neighbors since 1952, it was not until December 1989 that the credible evidence discloses the onset of CT Page 8213 hard feelings between them. At that time Burban parked his car on the disputed right of way with the result that it blocked or obstructed access from it directly onto the plaintiffs' property. It remained so for most of the time from then on to the trial. Yet the plaintiffs did nothing to have it removed. They instituted this action in June 1990 yet sought no temporary injunctive relief from this problem. It is true that about a month before trial that apparently some agreement concerning the problem was made. The court does note that perhaps the failure to seek relief from this obstruction early on may have been due to the circumstance that the plaintiffs still had access to their property from the disputed right of way by turning left as they proceeded northerly on it and thus entering their property westerly of the northerly end of that right of way. This may have been inconvenient for the plaintiffs but they did this. Despite this, the defendant had no legal right to park so as to necessitate this. Whether the plaintiffs could, as the defendant suggests, utilized General Statutes 14-145 to remove the defendant's which need not be decided. In addition, as touching upon the punitive damage issue, it is pointed out that there is no credible evidence of any cognizable physical or mental distress resulting to the plaintiffs from the defendant's conduct. In passing, the court does not accept as wholly credible either the plaintiffs or the defendant's version of the placement of the ladders involved in the painting of the defendant's house.
Burban's conduct is specifically alleged to have been "wilful and wanton". To be "wilful", conduct must be intentional. To be wanton, conduct must be reckless, "it is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." See Markey v. Santangelo,195 Conn. 76, 78, A.2d (1985). Professor McCormick has suggested that in order to satisfy the requirement of wilfulness or wantoness there must be a "positive element of conscious wrongdoing". McCormick, Damages (1935) p. 280, See Berg v. Reaction Motors,3 N.J. 396, 414 (1962). "The flavor of the basic requirement to justify an award of punitive or exemplary damages has repeatedly been described in terms of wanton and malicious injury, evil motor and violence. [citations omitted]". Triangle Sheet Metal Works Inc. v. Sivler, 154 Conn. 116, 128, 441 A.2d 65 (1966). We believe that Burban's conduct was wilful but we factor into it his belief that he had a right to park as he did. Under all the circumstances we cannot fairly say that it was wanton or reckless. We are not convinced that it had a positive element of conscious wrongdoing and an evil motive. As noted, the plaintiffs had other access close by and they did use it. The proof, simply put, does not lead the court to conclude, in this dispute between neighbors that an award of punitive damages, is justified in this case. Accordingly, judgment on the second count of the complaint is entered for on defendant Burban. CT Page 8214
In sum, the issues on the first count of the complaint seeking injunctive relief are found in favor of the plaintiffs Estrom; the issues on the second count of the complaint are found in favor of the defendant Burban and the issues on the amended counterclaim are found in favor of the Estroms who are the defendants thereon.
Judgment will, therefore, enter in accordance with the foregoing.
Arthur H. Healey State Trial Referee
FOOTNOTES