## T. RHYS SMITH ET UX. *vs.* DON C. SEITZ ET UX.

Third Judicial District, Bridgeport, October Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

During the trial of a previous action to determine the existence of an alleged right of way, which was also the principal subject-matter of the present litigation, the parties agreed to leave the underlying and decisive question, viz, the location of the line between their respective premises, to the determination of an arbitrator, whose award, fixing the line, was accepted by both parties. Thereupon it was mutually agreed, among other things, that the suit should be discontinued and marked "done," and that the defendants should take up so much of their stone flagging as over-lapped the re-established line; but for some reason none of these things were done, although the trial was stopped and the court was informed of the settlement. *Held* that the location of the line was conclusively fixed and established by the submission and award, and that the subsequent agreement of the parties, though made at the same interview and as a part of the complete settlement, was nevertheless collateral to, and grew out of, the award.

In the present action for essentially the same cause, the jury rendered a verdict for $100 damages for the defendants under their counterclaim, upon the ground that the plaintiffs' continuance of the litigation was in violation of their agreement and without justification. The jury also found in answer to an interrogatory that the defendants had not removed the flagstone as they had agreed. *Held* that if it was the duty of the plaintiffs to have withdrawn the action before the defendants were required to remove the flagstone, as the jury under the instruction of the trial court must have found it was, their affirmative answer to the interrogatory was not inconsistent with their general verdict for the defendants.

An agreement to submit to arbitration the location of an old boundary line which the parties themselves are unable to find, and an award pursuant thereto, is not an agreement for the sale or transfer of any interest in lands or for the decision of title to real estate; and is not, therefore, affected by the statute of frauds, § 1089, nor by § 4050, relating to the award of arbitrators which purports to decide the title to real estate.

The allowance of expenses and counsel fees as damages for the refusal to abide by an award is limited to such as were incurred in and about the arbitration and have been rendered fruitless by the wrong-doing of the adverse party.

Argued November 5th, 1913—decided January 15th, 1914.

ACTION to recover damages for the obstruction of an alleged right of way and of other rights and easements, and for an injunction, brought to the Superior Court in Fairfield County and tried to the jury before *Burpee, J.;* verdict and judgment for the defendants, and appeal by the plaintiffs. *Error and new trial ordered nisi.*

*George E. Beers* and *William C. Rungee,* for the appellants (plaintiffs).

*Homer S. Cummings,* for the appellees (defendants).

BEACH, J.   The answer denies the allegations of the complaint, and by way of special defense and counterclaim avers a prior submission to arbitration and an award thereon, and claims damages for the refusal to abide by the award.   Except as to the amount of the defendants' damages, the case turns on a single point, namely, whether the court erred in charging the jury that the location of the right of way, etc., had been conclusively determined by submission and award before this action was begun.

All the evidence and rulings are made part of this record on appeal, and the following material facts are undisputed: Plaintiffs and defendants owned adjoining lands fronting on a highway in the village of Cos Cob, and plaintiffs claimed a right of way diagonally across the corner of the defendants' enclosure near the traveled highway.   Defendants, to prevent such crossing, erected a so-called "barrier," and the plaintiffs, in 1903, brought suit in the Court of Common Pleas in the county of Fairfield, to establish the claimed right of way; but the case did not come to trial until 1910.   During an interval in the trial of the case the parties and their counsel met on the premises and agreed to leave the relocation of the old dividing line to one Brush, an old

inhabitant. He fixed the line in such a place and direction as to leave the "barrier" wholly on the defendants' side of the line, but to leave a triangular piece of the defendants' stone sidewalk on the plaintiffs' side of the line. Both parties accepted the line and assisted at the ceremony of driving iron pins to mark its location. It was at the same interview agreed that the case in the Court of Common Pleas should be discontinued and marked "done"; that the defendants should take up so much of the stone flagging as overlapped the re-established line, and should remove the "barrier," and that both parties should co-operate in attempting to have a certain telephone pole moved which stood in the line of the plaintiffs' intended driveway. For some reason none of these agreements were carried out, although the trial was stopped, and the court was advised of the settlement. Nearly a year later the plaintiffs, having employed other counsel, attempted to proceed with the litigation in the Court of Common Pleas; but the court granted a motion to erase the cause from the docket, on the ground that it had been disposed of by the award. Plaintiffs then brought this action in the Superior Court.

Plaintiffs admit that there was an agreement to submit the location of the dividing line to arbitration and an award thereon; but they claim that the award is not binding because of the nonperformance of the defendants' other agreements above referred to.

In legal effect their claim must be that the defendants' agreements to remove the flagstone and barrier, and to co-operate in attempting to have the telephone pole removed, were an integral part of the consideration for the agreement of submission; otherwise the defendants' failure to perform these agreements would not defeat the award, but would simply give an independent right of action.

The defendants' claim, which the court adopted, was that these other agreements were not entered into until after the agreement for submission had been carried out and the award made; so that they could not have formed any part of the consideration for the agreement of submission.

All the witnesses who testified as to the sequence of events on that day, including Mr. Smith, one of the plaintiffs, agree that the talk about removing the flag-stone, barrier, and telephone pole, took place after the line had been located. And, of course, it could hardly have been otherwise, for until the line was located it could not be foretold what, if any, flagstones would project over on the plaintiffs' side of the line, or that the barrier would be left wholly on the defendants' side, or that the telephone pole would stand in the line of the plaintiffs' proposed driveway.

The trial court, therefore, took the only permissible view of this testimony in charging the jury that the settlement was, as regards the location of the line, con-clusively executed by the submission and award, and that the only unfinished controversy which they could pass upon related to the unperformed agreements of the parties which, though made at the same interview and as part of the complete settlement, were, neverthe-less, collateral to and grew out of the award of the ar-bitrator as to the location of the line.

The court also properly withdrew from the jury, as immaterial in view of the award, the plaintiffs' claim that the locus was a part of the public highway.

As to the remaining questions of fact, the plaintiffs admitted that they had agreed to discontinue the action in the Court of Common Pleas; and the defendants ad-mitted that they had agreed to remove the flagstone and barrier, and co-operate in attempting to have the telephone pole moved. Both parties admitted non-

performance, but denied any intentional breach of contract; each party claiming that the other was bound to act first. The court left it to the jury to say whose duty it was to act first; instructing them that, if the defendants' failure to remove the flagstone and barrier was without justification, the plaintiffs were entitled to damages; and further instructing them that if the plaintiffs had agreed to discontinue the litigation, and if their continuance of the litigation was without justification, then the defendants were entitled to damages under their counterclaim.

The jury returned a verdict for the defendants for $100 damages, and also answered four interrogatories as follows:—

1. Have the plaintiffs the right to have the barrier removed from the strip of land described in paragraph two of the complaint? Yes.

2. Have the plaintiffs a right to have such strip kept unobstructed where the barrier now stands? No.

3. Does the line indicated by the two iron pins, as shown on Exhibit 3, mark the easterly limit of the plaintiffs' right of passage from their property to the traveled part of the highway? Yes.

4. Have the defendants up to the time this suit was brought maintained a flagstone within the limits of this right of way? Yes.

It is claimed that the answers to these special interrogatories are inconsistent with the general verdict, in that the answers to the third and fourth interrogatories establish the fact of a right of way and the maintenance of an obstruction therein. But as soon as the record is examined, any apparent inconsistency disappears. The jury were instructed as to the fourth interrogatory as follows:—

"You should answer that question in the affirmative, gentlemen, because there is no dispute about that,

When this line was established, and it was found that part of two of these flagstones projected over the line, there is no dispute but that the defendants have left it there. Their justification I have already commented on, if you find it to be a justification; but the fact is that they have maintained the flagstone. It is surely right for you to find that they have left the flagstone in the place where it was when the line was established."

Evidently, the only question of fact left to the jury in connection with this flagstone was whether the defendants were justified in omitting to remove it, as agreed, and the general verdict finds that issue in their favor.

In effect the verdict of the jury finds that the parties adjusted and settled the whole controversy on May 2d, 1910, ascertains the terms of that settlement, so far as they were in dispute, and enforces the whole agreement, including the award of Mr. Brush and the collateral undertakings of the parties.

It is unnecessary to consider in detail the motion to set aside the verdict, the motion in arrest of judgment, and the motion for judgment notwithstanding the verdict, and the seventy other reasons of appeal, because most of them are disposed of by the conclusions already stated.

Three other grounds of appeal are pursued in the plaintiffs' brief. The court refused to charge that a submission and award, in order to affect interests in lands, must be in writing. As applied to this case, we think the several requests to charge relating to this point were properly refused. Neither side agreed, by the submission, for the sale or transfer of any interest in lands, or for the decision of title to any real estate. All that was agreed to and carried out, was to locate the position of a boundary line which the parties were un-

able to find for themselves. When the award was made it was accepted, not as creating any new right in either party, but as pointing out the truth as to their rights already existing. Neither the statute of frauds (§1089), nor § 4050 of the General Statutes, applies to a relocation of an old boundary accepted as such by the parties. It seems that the plaintiffs' counsel must have so regarded the matter during the taking of the testimony, for they made no objection to the parol testimony of the defendants' witnesses, and themselves offered parol testimony as to the terms of the submission.

Another alleged error relates to the so-called virtual exclusion of certain letters, which is explained to consist in admitting them for the sole purpose of affecting the previous testimony of the writer.

But this ground of appeal is without foundation, for the finding shows that when the letters were finally offered, they were admitted generally, subject to proof that the defendants had knowledge of their contents, and also admitted specially for the purpose above stated. To this ruling the plaintiffs took no exception, and from the charge of the court it appears that the letters were commented on as part of the evidence before the jury, and left for their consideration without any limitation.

The only remaining reasons of appeal, pursued on the plaintiffs' brief, relate to the portion of the charge of the court in which the jury were instructed that if they found that the continuance of the litigation by the plaintiffs, after the agreement of settlement, was in violation of their agreement, and without justification, then the defendants would be entitled as damages to "such a sum as will reasonably compensate them, reimburse them for the expenses which the continued litigation caused by these plaintiffs had put the defendants to."

The jury must have understood from this language that they were at liberty to take into account the expense of litigating the case on trial, and to that extent the instruction complained of was erroneous. The allowance of expenses and counsel fees as damages in an action for wrongful revocation of an agreement for submission to arbitration, or refusal to abide by an award, is limited to expenses which were incurred in and about the arbitration, and have been rendered fruitless by the defendants' wrong.

"The expenses to which he has been subjected by reason of his necessary preparation for a trial before the arbitrators, on account of his own loss of time and trouble, and in employing counsel, taking depositions, payments to witnesses, arbitrators, and expenditures of a similar nature, are proper matters of claim. He is entitled to recover these so far only as he has lost the benefit of them by the act of the defendant. So far as these preparations and expenditures were available for the trial of his cause before the ordinary legal tribunals to which the revocation of the defendant compelled him to resort, he is not entitled to recover, as he has had or might have had the benefit of them." *Pond* v. *Harris*, 113 Mass. 114, 121.

It is clear from the charge of the court that the jury could not have rendered a defendants' verdict except on the finding that the plaintiffs were bound to act first in carrying out the agreement of settlement, which also involved the finding that the defendants were justified in omitting to remove the flagstone and barrier until after the case in the Court of Common Pleas should have been discontinued. That being so, a *remittitur* of the damages in excess of nominal damages awarded to the defendants will cure the only error apparent on the face of the appeal record; and as the fact that this case was settled in 1910 has now been three times

·judicially determined, we are not disposed to grant a new trial unconditionally.

There is error, the judgment is set aside, and the cause remanded with directions to grant a new trial unless within thirty days the defendants file with the clerk of the trial court a *remittitur* of the sum of $99 from the amount of the verdict.

In this opinion the other judges concurred.