JOHN PALMIERI *v.* BENJAMIN F. BULKLEY, JR.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 5—decided June 20, 1950

*Harriet L. Garofalo,* with whom was *Albert A. Garofalo,* for the appellant (plaintiff).

*Frank M. Canfield,* with whom was *Howard L. Shaff,* for the appellee (defendant).

JENNINGS, J. This is an action in trespass involving a boundary line dispute between neighbors. The plaintiff claimed title. The answer was, in effect, a general denial. The difference between the lines claimed by the parties is measured in inches rather than feet. The whole tract was originally owned by the defendant's family and lay at the northeast corner of the Boston Post Road and Bulkley Avenue in Westport. The lot owned by the defendant lay in the corner of the two streets named and was bounded east and north by land of the plaintiff. In 1948 the defendant erected a wire fence along both of the latter boundaries as he claimed them to be. The plaintiff claimed that the fence, as well as two buildings adjacent to the east boundaries, encroached on his land. The trial court made a conscientious attempt to settle the matter but the finding cannot be sustained. No extended recitation of the facts is required.

There is no evidence to sustain the conclusion that the new fence on the north boundary of the defendant's land is the true boundary.

The new fence on the defendant's claimed east line is admittedly east of his deed line. The basis of the trial court's conclusion that this fence was not an encroachment on the plaintiff's land was that occupation for over fifty years by the defendant up to an old fence, replaced by the new one, fixed the line· or gave him title by adverse possession. The facts found do not support either ground.

Where there is uncertainty or dispute about a boundary, its determination by the parties by practical location has been sustained. *French* v. *Pearce*, 8 Conn. 439, 442; *Smith* v. *Seitz*, 87 Conn. 678, 683, 89 A. 257; notes, 69 A. L. R. 1430, 1433, 1451; 113 A. L. R. 421. There is no finding that any uncertainty or dispute existed. The first ground is not valid.

A claim of right and an intent by the possessor to use property as his own are among the essential elements of adverse possession. *Horowitz* v. *F. E. Spencer Co.*, 132 Conn. 373, 378, 44 A. 2d 702; *Mentz* v. *Greenwich*, 118 Conn. 137, 146, 171 A. 10; *Shea* v. *Gavitt*, 89 Conn. 359, 363, 94 A. 360. The finding is insufficient to establish these elements. The second ground, that the defendant had gained title by adverse possession, cannot be upheld.

General Statutes, § 7105 (grant by one ousted of possession), was not invoked. There must be a new trial as requested by the plaintiff.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.