A. Marland Shoemaker et al. *v.* Zoning Commission of the Town of Groton et al.

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued November 15—decided December 20, 1972

*Sidney Axelrod,* with whom was *Nicholas P. Kalenak,* for the appellants (plaintiffs).

*John Rose, Jr.,* for the appellees (defendant Howard Falk et al.).

*James T. Haviland II,* for the appellee (named defendant).

PER CURIAM. This is an appeal from a judgment of the Court of Common Pleas dismissing the plaintiffs' appeal from a decision of the zoning commission of the town of Groton which granted a request to change the zone classification of a forty-five-acre parcel of land situated on the easterly side of Long Hill Road. In its limited finding, the court found that at least one plaintiff was aggrieved for purposes of standing to maintain the appeal and concluded that the commission did not act arbitrarily or illegally or in abuse of its discretion. The court noted that the commission gave six valid reasons for its decision and that there was no claim that the commission violated statutory procedures or acted in bad faith.

The plaintiffs have assigned as error the trial court's refusal to find as facts forty-seven paragraphs of their draft finding, a wholesale attack such as we have repeatedly discountenanced. *Hyatt* v. *Zoning Board,* 163 Conn. 379, 381, 311 A.2d 77. The court properly made only a limited finding and the plaintiffs are not entitled to any corrections material to the decisive issues on the appeal.

The remaining assignments of error in essence assert that both the commission and the court abused their discretion in that their conclusions do not support their decisions and that their conclusions are unsupported by facts. These claims are without merit. So long as amendments to zoning regulations are not violative of chapter 124 of the General Statutes and are not "patently arbitrary," the court will not disturb the essentially legislative actions of zoning commissions. See *Morningside Assn.* v. *Planning & Zoning Board,* 162 Conn. 154, 158, 292 A.2d 893; *Sheridan* v. *Planning Board,* 159 Conn. 1, 19, 266 A.2d 396, and cases cited.

In the present case, the reasons given by the commission are supported by sufficient evidence and the amendment itself does not exceed the commission's statutory authority. The plaintiffs have not met the heavy burden imposed on those attempting to disturb legislative decisions. What this court said in *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 309, 278 A.2d 799, is fully applicable to this case: "The decision of the defendant commission involved the resolution of fairly debatable questions which were within its province to decide acting in its legislative capacity. . . . Its action did not result in spot zoning and appears to have resulted from the proper and fair exercise of its discretion, with proper motives and for valid reasons."

There is no error.