FRANK ARCARI (CATHERINE M. ARCARI, EXECUTRIX, SUBSTITUTED PLAINTIFF) *v.* MICHAEL DELLARIPA, SR.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued February 7—decided March 21, 1973

*Arnold E. Buchman,* for the appellant (plaintiff).

*Michael E. Grossmann,* for the appellee (defendant).

SHAPIRO, J.   The plaintiff executrix' decedent, Frank Arcari, and the defendant were owners of adjoining land situated on the northerly side of Darcy Street in West Hartford. A dispute arose between them as to the location of their mutual boundary line. As the result of an action brought by Frank Arcari to the Court of Common Pleas, the court determined the issue of adverse possession in favor of the defendant. The plaintiff executrix,

who had been substituted as plaintiff on the death of Frank Arcari, appealed from the judgment rendered.

The amended complaint alleged that Frank Arcari was the owner of realty known as 24-26 Darcy Street and that the defendant was the owner of realty known as 20 Darcy Street, which premises abut the easterly line of the Arcari premises. The complaint further alleged that Frank Arcari acquired title to 24-26 Darcy Street by deed recorded on May 15, 1935; that under claim of his title he "has maintained open visible and exclusive possession of the easterly line of his premises which line includes into . . . [his] premises certain plantings, trees, swing sets, clothes lines and fences"; that such "open visible and notorious use was commenced by . . . [his] predecessors in title and has continued uninterruptedly for more than thirty years up to the present time"; that he made various uses of the land "and in all ways and manners has held and used said property as his own"; and that the defendant "claims estates or interests in said land or parts thereof which are adverse to the title and/or interest of the plaintiff." Frank Arcari claimed injunctive relief in connection with the use of the portion of land claimed by him, damages and a judgment determining the rights in and to the disputed portion of land. The defendant's answer denied all claims to adverse possession.

The plaintiff has assigned error in the failure of the court to find forty-three paragraphs of her draft finding which she claims are admitted or undisputed. As a result of her motion to rectify the appeal, three of those paragraphs were included in the court's finding. Of the remaining forty paragraphs, twenty-five are pursued in the plaintiff's

brief. This constitutes a wholesale attack on the finding; our repeated strictures against such a practice again go unheeded. See *Shoemaker* v. *Zoning Commission*, 164 Conn. 210, 319 A.2d 401; *Hyatt* v. *Zoning Board of Appeals*, 163 Conn. 379, 381, 311 A.2d 77; *Charter Oak Estates, Inc.* v. *Kearney*, 160 Conn. 522, 525, 280 A.2d 885; *State* v. *Dukes*, 157 Conn. 498, 499, 255 A.2d 614. To secure an addition on the ground claimed, the plaintiff must point to some part of the appendix, the pleadings or an exhibit properly before us which discloses the defendant's admission that the fact in question was true or that its truth was conceded to be undisputed. *La-Reau* v. *Warden*, 161 Conn. 303, 304, 288 A.2d 54; *Barnini* v. *Sun Oil Co.*, 161 Conn. 59, 60, 283 A.2d 217; *Martin* v. *Kavanewsky*, 157 Conn. 514, 515, 255 A.2d 619; Maltbie, Conn. App. Proc. § 158. Most of the additions sought are in dispute. The others are implicit in the finding or involve facts which are immaterial to our disposition of the appeal.

The plaintiff assigns error in the court's finding of certain facts as being without support in the evidence or as containing language of doubtful meaning. An examination of the findings attacked by the plaintiff discloses that each one is supported by the evidence as printed in the appendix to the defendant's brief.

The court found the following facts: Frank Arcari acquired title to the property known as 24-26 Darcy Street in the town of West Hartford from his mother's estate in 1934. At that time, and until 1965, the neighboring parcel on the east, 20 Darcy Street, was owned and occupied by Barney Desiderio, a predecessor in title of the defendant. The Arcari and Desiderio families had been on friendly terms. No artificial barriers existed between the

two properties, but two iron pipes were set in the ground in the westerly corners of the parcel now owned by the defendant. The defendant's father, Donato Dellaripa, took title to the Desiderio property by an executor's deed in 1966, and he in turn conveyed title by quitclaim deed to the defendant in 1967. In June, 1969, the defendant erected a chain link fence about six inches to the east of the line marked by the two iron pipes in the western corners of 20 Darcy Street. The property in dispute is a triangular area lying east of the fence and having the chain link fence as its base. Within the triangle stands a lilac bush and fir trees planted by Mrs. Arcari in 1955 as well as the most westerly clothesline pole, a swing set and a bare circular patch where aboveground swimming pools had been located. During the years that he owned the property, the defendant's predecessor Barney Desiderio tended a garden and mowed the lawn included within the triangular area. He believed and understood that the two iron pipes, one at the northwest corner and one at the southwest corner, marked the western boundary of the parcel at 20 Darcy Street. The subsequent titleholders, Donato Dellaripa and the defendant, continued to mow this area. The Arcari family installed a swing set east of the fence line after 1965 and placed a swimming pool east of the fence line sometime in 1963 or 1964. Additional findings are not material to the issues on appeal.

From these findings of fact, the court concluded that the use by Frank Arcari of the triangular area located east of the present fence was not exclusive or adverse but rather was with the consent of the defendant's predecessor in title Barney Desiderio. These conclusions cannot be disturbed, for the finding clearly indicates that the plaintiff failed to

establish the elements of adverse possession. "The essential elements of an adverse possession sufficient to create title to land in a claimant are that the owner shall be ousted of possession and *kept out* uninterruptedly for fifteen years by an open, visible and exclusive possession by the claimant under a claim of right, with intent to use the property as his own, and without license or consent by the owner." (Emphasis added.) *Goldman* v. *Quadrato,* 142 Conn. 398, 402, 114 A.2d 687; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 695, 88 A.2d 379; *Palmieri* v. *Bulkley,* 137 Conn. 40, 42, 74 A.2d 475; *Schroeder* v. *Taylor,* 104 Conn. 596, 605, 134 A. 63. The requisite of exclusive possession for the statutory period is not met if the adverse user merely shares dominion over the property with other users. *Short Beach Cottage Owners Improvement Assn.* v. *Stratford,* 154 Conn. 194, 199, 224 A.2d 532. Upon these principles, the plaintiff's argument that the planting of fir trees and the erecting of a swing set and an aboveground swimming pool establish her claim to adverse possession despite the concurrent use by the adjoining owners, the defendant and his predecessors, seems hardly more than frivolous.

Although the case was tried to the court on the plaintiff's claims of adverse possession of the triangular area, the plaintiff now attempts to persuade us that this is not a case of adverse possession but rather of a disputed boundary line. Such a procedure violates Practice Book § 652, since the plaintiff is seeking to raise matters never raised at the trial or ruled on by the trial court. Although the plaintiff acknowledges in her brief that a claim of adverse possession implicitly admits that title to the affected property is in another, she now contends that the

boundary line is in dispute and that title to the triangular area is in her name. We cannot give consideration to this claim. "A party cannot present a case to the trial court on one theory and then ask a reversal in the supreme court on another, particularly if his claim on appeal is inconsistent with that made on the trial." Maltbie, Conn. App. Proc. § 305; see *Holley* v. *McDonald*, 154 Conn. 228, 235, 224 A.2d 727; *Paley* v. *Connecticut Medical Examining Board*, 142 Conn. 522, 529, 115 A.2d 448; *Rinalli* v. *Kurtz*, 117 Conn. 165, 170, 166 A. 916.

There is no error.

In this opinion the other judges concurred.