[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried to the court on March 3, 1996. All of the parties filed simultaneous briefs on April 3, 1996.
The plaintiffs are owners of a parcel of land which is bounded on the northwest by land owned by the defendants, Raymond and Donna Kelly (Kelly), and on the southeast by land owned by the defendants, Annette and Steven Finkelstein (Finkelstein). The other defendant, Sears Mortgage Corporation, is the mortgagee of land owned by the Finkelsteins.
The plaintiffs seek adverse possession over certain parcels and, failing that, they seek a prescriptive easement to maintain and pass over those parcels. As to the remaining parcels, the plaintiffs seek only a prescriptive easement for maintenance and passage.
The plaintiffs purchased their property in 1965. No building had yet been erected on the defendants' lots.
The court will first address the claim against the defendants Finkelstein.
Plaintiffs acquired their property (lot #11) in late 1965. The Finkelsteins own lot #10.
The two count complaint against the Finkelsteins claims adverse possession of Parcel A or, in the alternative, a prescriptive easement over Parcel A.
To acquire property by adverse possession, the law requires that certain elements must exist, i.e., (a) owner must be ousted of possession for an uninterrupted fifteen years or more by an open, visible and exclusive possession, under a claim of right, with intent to use the property as his or her own, and without license or consent of the owner. See Clark v.Drska, 1 Conn. App. 481, 485 (1984); Whitney v. Turmel, 180 Conn. 147
(1980); and Arcari v. Dellaripa, 164 Conn. 532 (1973).
This court is not convinced from the testimony that there ever was ouster of any of the owners of title of the disputed parcel. In fact, the relationship with one of the owners, Glum (1968-1984), belies any claim CT Page 5114-TT of ownership or exclusive possession by the plaintiffs since both tended to the parcel. It follows, therefore, that if both tended to the parcel, the element of fifteen years uninterrupted use and assertion of dominion over the parcel is lacking.
The plaintiffs have not carried the burden of proof necessary to sustain a finding in their favor of either acquisition by adverse possession or prescriptive easement.
The court need not, therefore, address the special defense of laches since the plaintiffs have not carried their burden of proof by "clear and positive proof." The measure of proof should be of a higher variety than that of most civil cases. Clear and convincing proof is held to be equalled with clear and positive proof. See Clark v. Drska (supra); Roche v.Fairfield, 186 Conn. 490 (1982); and Wadsworth Realty Co. v. Sundberg,165 Conn. 457 (1973).
Judgment may enter for the defendants Finkelstein as to all counts.
The court next addresses the claims as to the defendants Kelly.
The claim against the Kellys is as to a small parcel of land called Parcel B, and having an area of approximately 1150 square feet. As in the claim against the Finkelsteins, alternative relief of a prescriptive easement is also claimed.
The evidence clearly shows that the plaintiffs planted, mowed and tended the leaves over the disputed parcel.
The evidence also shows, however, that the defendants and their predecessors in title also tended the disputed area. In fact, the evidence indicated that permission was sought as to the area of planting of certain pines. There was a mutual effort to blend the "yards" by the plaintiffs and the Malloys (previous owners of the disputed parcel). There was testimony as to mutual mowing.
The legal principles expounded by the court as to its findings concerning the Finkelsteins are equally applicable as to the Kellys.
Again, the plaintiffs have failed to convince the court that the element necessary to prevail in a claim of adverse possession or prescriptive easement has been proven by clear and positive proof.
Accordingly, judgment may enter for the defendants Kelly as to all counts. CT Page 5114-UU
Mihalakos, J.