[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS OF CASE
The plaintiff, Anne F. Dachenhausen, both individually and as CT Page 1112 Executrix of the Estate of Mary Grace Hossan, brings this action against seven named defendants in three counts.
The decedent, Mary Grace Hossan, was the plaintiff's sister.
She died on February 17, 1998.
The plaintiff has been appointed Executrix of the Estate by the Probate Court for the District of Danbury (Exhibit 15), and was devised all of the real property owned by the decedent under the terms of her will (Exhibit 14, clause second).
The decedent was the owner of 24 South Street, Danbury, at the time of her death.
The plaintiff applied to the Probate Court on February 24, 1998, seeking permission to sell 24 South Street to her grandson, Edward W. Dachenhausen, and his wife, Deborah Dachenhausen, for $57,250. (Exhibit 17.)
The contract of sale was signed on February 19, 1998 by the plaintiff, acting as attorney in fact for her sister, Mary Grace Hossan.
Twenty-two (22) South Street, a parcel abutting 24 South Street, was sold to the defendant, Colonial Builders and Developers, LLC, by the plaintiff's son, Brian Dachenhausen, in 1985. (Exhibit 8.)
The legal description of the property in the deed from Brian Dachenhausen to Colonial Builders and Developers, LLC (Exhibit 8) is:
NORTHEASTERLY: By South Street, so-called;
SOUTHEASTERLY: By a passway leading to Mannions Lane;
SOUTHWESTERLY: By land now or formerly of Edward Dachenhausen and Ann Dachenhausen; and
NORTHWESTERLY: By land now or formerly of Frank N. Hossan and Mary G. Hossan.
Exhibit 8 further identifies the property conveyed as ". . . the same premises conveyed to Josephine McDonald and Margaret J. CT Page 1113 Hossan by quitclaim deed from Helen Brown Donnelly dated February 27, 1956, and recorded in Volume 306, at page 64 of the Danbury Land Records."
The deed from Margaret J. Hossan to Brian Dachenhausen (Exhibit 3), and that from Helen Brown Donnelly to Josephine McDonald and Margaret J. Hossan (Exhibit 35), recite the same description as Exhibit 8.
Although a record map of 22 South Street was prepared by Arthur H. Howland at the request of Brian E. Dachenhausen in 1971 (Exhibit 4), the deed from Brian E. Dachenhausen and Rosann R. Dachenhausen to the defendant, Colonial Builders and Developers, LLC, makes no reference to Exhibit 4, to the dimensions of the property measured in feet, or to the total acreage conveyed.
A dispute first arose concerning the location of the common boundary between 22 South Street and 24 South Street only after Mary Grace Hossan's death, when Matthew Reynolds, LS, performed a survey of 24 South Street (Exhibit 25) for the Estate of Mary Grace Hossan.
Exhibit 25 adopted the common boundary as shown on the 1971 Arthur H. Howland map (Exhibit 4), and differed from an unrecorded map prepared at the request of Colonial Builders and Developers by James Kreyer, LS.
The disputed area comprises a triangular shaped parcel, consisting of 889 square feet, approximately two one-hundredths (0.02) of an acre (Exhibit 38).
The plaintiff in count one of her complaint seeks to quiet title to the two one-hundredths (0.02) of an acre parcel, designated as "Parcel X" on a map appended to her complaint.
Count two alleges a trespass, and count three contends that the defendant, Colonial Builders and Developers, LLC, has violated the Connecticut Unfair Trade Practices Act (CUTPA).
The plaintiff has named six defendants in addition to Colonial Builders and Developers LLC.
The defendant, South Street Square Association, Inc., is a nonprofit corporation organized pursuant to the Connecticut Common Interest Ownership Act (CIOA), § 47-200 et seq. of the CT Page 1114 Connecticut General Statutes, as a condominium unit owners association for the property at 22 South Street.
Maria A. Coelho and Gloria Coelho own Unit 2, South Street Square (Exhibit 19), and Jennifer L. Hager owns Unit 7 (Exhibit 21).
The defendant, New Milford Bank and trust Company (NMBT), holds a security interest in Unit 2 (Exhibit 20) and Unit 7 (Exhibit 22).
The defendant, Connecticut Housing Finance Authority (CHFA), holds a mortgage on Unit 7 (Exhibit 23).
By agreement of all plaintiffs and all defendants, a hearing on the plaintiffs' request for temporary injunctive relief, was transformed into a hearing on the merits concerning counts one and two of the plaintiffs' complaint, and her request for relief in the form of a permanent injunction.
It was stipulated that a verdict in favor of the plaintiffs would result in a hearing in damages on count two (trespass) and a trial regarding count three (CUTPA) at a later date.
 SURVEYS OF BOTH PROPERTIES AND TESTIMONY
The plaintiff presented testimony from three surveyors, Arthur Howland, Matthew Reynolds and Richard Dibble.
Although called as a witness by the plaintiff, Dibble did not substantiate her claim concerning the location of the common boundary line between 22 South Street and 24 South Street.
Dibble initially performed a survey at the request of Colonial Builders and Developers, LLC, which placed the boundary line in a location which gave ownership of the disputed two one-hundredths (0.02) of an acre to the defendant (Exhibit 11).
After being informed of the existence of the Howland map (Exhibit 4) by Reynolds, Dibble compiled Exhibit 28, showing both of the alleged boundary lines.
At trial, Dibble concluded that the line shown on Map 10437 (Exhibit 11) was correct, thus endorsing the defendant's position. CT Page 1115
Because Reynolds located the disputed boundary line based solely on the Howland map (Exhibit 4), without considering the deeds to the respective properties or physical evidence, if the plaintiff is to prevail, she must do so based upon the accuracy and validity of Exhibit 4.
The defendants presented testimony from Paul N. Fagan, LS.
Fagan agreed with the order of priority for determining boundaries to which Reynolds had testified: (1) metes and bounds within deeds; (2) physical evidence; and (3) prior maps or surveys.
Unlike Reynolds, however, he examined prior maps and deeds relating to both 22 South Street and 24 South Street.
He also considered physical evidence.
Fagan considered and examined the description of the plaintiff's property (Exhibit 1 and Exhibit 17) for 24 South Street:
NORTHERLY: by land now or formerly of Martin F. Hassett, et al., 350 feet more or less;
EASTERLY: by South Street, 71 feet more or less;
SOUTHERLY: by land now or formerly of Josephine McDonald, in part, 211 feet more or less; in part by land of Edward and Anna Dachenhausen, 70 feet more or less; in part by land now or formerly of Paul and Jeannette Howick, 129 feet more or less;
WESTERLY: by land now or formerly of Paul and Jeanette Holick, in part, 26 feet more or less; and in part by Mannions Lane, 26 feet more or less.
After examining the 1949 Ladd and Roebling map (Exhibit 5 and Exhibit A), Fagan concluded that the dotted line labeled "property line" represented the boundary between 22 South Street and 24 South Street, although it had not been completed to South Street. CT Page 1116
By comparing the dotted line on the Ladd and Roebling map, with the line plotted by Arthur Howland on Exhibit 4 (Map #4847), he determined that Howland had bent the line at the location of an iron pipe, rather than continuing in a straight line to South Street.
Because several structures are shown on Exhibit 4 as sheds, one explanation for bending the line would be to avoid bisecting the sheds.
Fagan found additional support for the straight line shown on the Ladd and Roebling map, by examining the description of 24 South Street.
The description (Exhibit 1 and Exhibit 17) states that 24 South Street has 71 feet of frontage on South Street.
If the line shown in Exhibit 4 is plotted, 71 feet would exclude virtually all of the driveway accessing 24 South Street, and place it outside the lot lines.
Fagan further determined that by following the dotted line on the Ladd and Roebling map to South Street, he arrived at the boundary shown by Dibble on Exhibit 11, and shown as the line designated "see note 2" on Exhibit 28.
Measuring 71 feet from that line in front of 24 South Street, produced a boundary for 24 South Street which included the driveway (Exhibit E).
Further support for the conclusions shown on Exhibit E is obtained by examining Exhibit D, a state highway map which depicts a row of hedges on the boundary line separating 22 South Street from 24 South Street.
The hedges, according to Fagan, correspond to the boundary line locations shown on Exhibit E, and further substantiate the Dibble map (Exhibit 11).
While the plaintiff argues that the defendant, Colonial Builders and Developers, LLC, has failed to plead in accordance with the provisions of § 47-31(d) of the Connecticut General Statutes, any lack of compliance in no way diminishes the plaintiff's burden to prove the location of the boundary line. CT Page 1117Steinman v. Maier, 179 Conn. 574, 575 (1980).
The plaintiff is required to prevail on the strength of her own title and not on any weakness, substantive or procedural, of her adversary's claim. Koennicke v. Maiorano, 43 Conn. App. 1, 9
(1996); Velsmid v. Nelson, 175 Conn. 221, 229 (1978).
She has failed to satisfy her burden based upon the evidence presented.
Although the plaintiff maintained that the defendants were denying 24 South Street access to a sewer lateral, even her own expert, Matthew Reynolds, stated that the lateral in question was located on the defendant's property, regardless of which party was determined to own the disputed 889 square foot triangle.
Nor does the doctrine of "acquiescence" find any support based upon the facts presented.
Palmieri v. Bulkley, 137 Conn. 40, 42 (1950), cited by the plaintiff, involved the construction of a fence, and the acquisition of title through adverse possession.
Other than the filing of the Howland map (Exhibit 4), Brian Dachenhausen did nothing to assert his lack of ownership over the disputed two one-hundredths (0.02) of an acre during his ownership of 22 South Street.
Nor did his aunt, the decedent, Mary Grace Hossan, assert a claim to the property during her lifetime.
Exhibit 4 was not incorporated into the description of the property sold (Exhibit 8) when title was transferred to Colonial Builders and Developers, LLC.
The description utilized in 1985 corresponds to earlier transfers (Exhibit 3 and Exhibit 35), and makes no reference to a boundary line adjustment or an agreement between Brian Dachenhausen and his aunt to alter the boundary line.
Not until 1998, after obtaining the Reynolds survey (Exhibit 25), and while the plaintiff's grandson was under contract to purchase 24 South Street from the Estate of Mary Grace Hossan, was the boundary line disputed or contested. CT Page 1118
The contest also post dates the sale of 22 South Street by Brian Dachenhausen, and the construction of condominium units on the site.
 FINDINGS
1. IT IS FOUND that the more credible evidence concerning the boundary line separating 22 South Street and 24 South Street was provided by Paul Fagan, LS.
2. IT IS FOUND that the plaintiff has failed to establish title to the disputed triangular parcel consisting of 889 square feet, two one-hundredths (0.02) of an acre.
3. IT IS FOUND that the plaintiff has failed to prove that the boundary line between 22 South Street and 24 South Street is shown on the Howland map (Exhibit 4).
4. IT IS FOUND that the defendants have not denied access to a sewer lateral to the plaintiff, and that the sewer lateral is on the defendants' property.
5. IT IS FOUND that the defendants have not interfered with the plaintiff's attempt to gain access to the sewer line which runs in front of both 22 South Street and 24 South Street.
6. IT IS FOUND that Brian Dachenhausen conveyed 22 South Street to the defendant, Colonial Builders and Developers, LLC, in 1985 (Exhibit 8), including the disputed parcel consisting of 889 square feet, or two one hundredths (0.02) of an acre.
7. IT IS FOUND that the common boundary separating 22 South Street and 24 South Street is the line established by Paul Fagan, LS (Exhibit E).
8. IT IS FOUND that the boundary line shown on Exhibit E and that shown on Exhibit 11 are in the same location.
9. IT IS FOUND that Exhibit 4 does not show the correct location of the boundary line between 22 South Street and 24 South Street.
10. IT IS FOUND that the defendants have not committed a trespass on any property owned by the plaintiff known as 24 South CT Page 1119 Street.
11. IT IS FOUND that the plaintiff has failed to demonstrate that she acquired title to the disputed 889 square foot area, either through adverse possession or by operation of the doctrine of "acquiescence."
12. IT IS FOUND that the plaintiff has failed to demonstrate that she is entitled to injunctive relief.
Judgment may enter in favor of all defendants as to counts one and two of the plaintiff's complaint.
The plaintiff's request for injunctive relief, as set forth in her complaint, is denied.
Because the plaintiff has not prevailed in counts one and two, judgment may enter in favor of the defendant, Colonial Builders and Developers, LLC, on count three, the alleged violation of the Connecticut Unfair Trade Practices Act (CUTPA).
Radcliffe, J.