[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
To establish adverse possession, a claimant must prove visible and exclusive possession, without interruption, for fifteen years. This possession must be under a claim of right with the intent to use the property as his own without the consent of the owner. A claimant must prove that it has the intent to disregard the true owner's right of possession. The doctrine of adverse possession is to be taken strictly and is not to be made out by inference, but by clear and positive proof.Roche v. Fairfield, 186 Conn. 490, 499 (1982); Wildwood Associates Ltd.v. Esposito, 211 Conn. 36, 42 (1989).
The plaintiffs, who gained title to the property in 1991, cannot satisfy the statutory requirement of 15 years possession. They must establish that their predecessor in title acquired title to the disputed strip through adverse possession. Even discounting the statements of the predecessor in title testified to in the hearing, the plaintiffs cannot meet the rigorous test for adverse possession without the court inferring or presuming necessary facts, an exercise which is not allowed.
The evidence, offered at trial by the plaintiffs to prove that Mr. Elton Vineburg acquired title to the disputed strip through adverse possession, was the testimony of one of the plaintiffs, Suzanne Hodos (Mr. Vineburg's daughter). She testified that her father, during his lifetime, had maintained a fence and mowed the grass up to the fence. Furthermore, she noted in her testimony, that it was everyone's understanding that the stockade fence marked the true boundary between the Vineburg and Oceanview properties. However, during cross examination, Mrs. Hodos admitted that she had no discussions with her father about the stockade fence or about the boundary line between the two properties. This testimony establishes only that Mr. Vineburg maintained the stockade fence, and the lawn, and that Mrs. Hodos presumed the boundary was at the fence. As the court noted in Barrs v. Zukowski,148 Conn. 166 (1961), "uninterrupted possession, in and of itself, without the other essentials of adverse possession, does not bring about CT Page 1789 any change in the ownership of the land." Barrs v. Zukowski, supra,148 Conn. 158, 166, 169 A.2d 23 (1961) (citation omitted). Similarly, as the court noted in Loewenburg v. Wallace, "[t]he mere fact that [a] fence has been in place for over fifteen years would not, in and of itself as a matter of law, require a finding of acquisition of title by adverse possession." Loewenburg v. Wallace, supra, 147 Conn. 699. Rather, "[a] claim of right and intent by the possessor to use the property as his own are among the essential elements of adverse possession" which the plaintiffs must prove as well. Palmieri v. Bulkley, 137 Conn. 40, 42,74 A.2d 475 (1950).
At trial, the plaintiffs offered no evidence on whether their predecessor, Elton Vineburg, possessed the disputed strip of property under a claim of right. As noted previously, "[a] `claim of right' does not necessarily mean that the adverse possessor claims that it is the proper titleholder, but that it has the intent to disregard the true owner's right of possession." Top of the Town v. Somers Sportsmen'sAssn. Inc., supra, 69 Conn. App. 843 (citations omitted). Rather they have asked the trier to "infer" from the actions of Mr. Vineburg (maintaining the fence and mowing the grass up to the fence) that he was possessing the property under a claim of right. This the court cannot do. The cordial relationship that existed between the Kamercias and the Vineburgs would belie any contention of possession by claim of right, even if the court could infer such claim.
In addition, the court does believe that there was, in 1980, an acknowledgment of the boundary and the pin marking it by Mr. Vineburg.
Judgment shall enter in favor of the defendants.
Elaine Gordon
Judge of the Superior Court CT Page 1790